(24 Misc. Rep. 625.)

JONES v. RICHARDS et al.

(Supreme Court, Special Term, Oneida County. September, 1898.)

1. WILLS—CONSTRUCTION—RIGHT OF ACTION—EQUITY.
Plaintiff, who claims to be an heir of a testator, and that certain clauses of such testator's will, disposing of his real estate, are invalid, and that she is therefore entitled to a share thereof as against the defendant in possession, has a remedy at law, where no trusts are involved, and there-

fore has no right of action under Code Civ. Proc. § 1866, which provides that the validity, construction, and effect of a testamentary disposition of real property which would descend to the heir of an intestate may be determined, in an action brought for that purpose, in like manner as the validity of a deed purporting to convey land may be determined.

2. SAME—TRUSTS.
Where plaintiff is attacking clauses of a will containing trust provisions, and seeking to have them declared invalid, her suit does not give a court of equity jurisdiction on the ground that a trust is involved.

Action by Margaret E. Jones against Morris P. Richards and others. Judgment for defendants.

Sayles, Searle & Sayles, for plaintiff.
Jones & Townsend, for defendants.

HISCOCK, J.   This action being brought under section 1866, Code, the first defense urged is that plaintiff is not entitled to maintain it, even though otherwise right in her contentions; and this defense seems to me to be well founded.   Plaintiff bases her right to recover upon the claims that she is a daughter and heir at law of the testator, that the clauses of his will in question are invalid, that there has therefore been no disposition of this portion of his real estate, and that as such heir at law she is entitled to her share thereof, as against the defendant now in possession thereof.   If she is right in her claims, she has a perfect remedy at law, and has no need to resort to an equitable action.   It seems to have been very clearly settled that, prior to the enactment of the section of the Code referred to, she would have had no right to bring this action, there being no trust to give a court of equity jurisdiction.   Weed v. Weed, 94 N. Y. 243; Wager v. Wager, 89 N. Y. 161.   It may be urged that there are provisions in the criticised clauses 3 and 4 of the will which attempt to create a trust after the expiration of the life estates, and that, therefore, the necessary trust is present to give this court jurisdiction. Plaintiff, however, is in no way a party to or beneficiary under those clauses, or interested in a construction or execution of these trust provisions.   She does not want them enforced.   Her only possible interest is in attacking and having them declared invalid, and the suit of such a person in such an attitude does not give jurisdiction upon the theory that a trust is involved.   Bailey v. Briggs, 56 N. Y. 407; Chipman v. Montgomery, 63 N. Y. 221, 231; Anderson v. Anderson, 112 N. Y. 110, 19 N. E. 427.

The question remains, then, whether section 1866 has changed the rule before existing, and given the court jurisdiction in a case such as this, where an heir at law is seeking to have her right to real estate confirmed through an adjudication that provisions in a will purporting to dispose of it are invalid.   This inquiry is not open to original determination by this court, but simply involves the attempt to gather the law from the conflicting decisions of the appellate courts.   It is conceded that there are decisions and dicta in favor of plaintiff's position.   The latest decision of an appellate court, however, which has been called to my attention, is that expressed in Whitney v. Whitney, 63 Hun, 59, 18 N. Y. Supp. 3, and which, after careful and extended consideration, holds the former rule to be un-

changed by the statutory enactment in question.    This case is also later than various dicta in the court of appeals referred to by plaintiff for support.    The rule laid down therein seems, also, in the latter case of Simmons v. Burrell, 8 Misc. Rep. 388, 28 N. Y. Supp. 625, to be assumed to be the correct one, where no trust is involved to change it.    The conclusion reached upon this defense renders it unnecessary to consider the other ones,—whether plaintiff is estopped from bringing the action, or whether certain provisions in clauses 3 and 4, if invalid, as claimed, may not be cut off, so as to leave the balance effective.

Findings and judgment in accordance herewith, and with costs to defendants, may be prepared and settled upon two days' notice, if not agreed upon.    Judgment accordingly.