COLE v. LEE.

1. WILLS—CONSTRUCTION—TRUSTS—CREATION.

A will, providing that after the payments and disbursements therein directed shall have been made, the residue of the property shall be divided among the testator's grandchildren, examined, and *held*, in view of directions concerning the management of the estate and of payment of the living expenses of the testator's son and his wife during their lives, to create a trust in the hands of the executors for the lives of the testator's son and his wife and not to vest the estate in the residuary legatees upon payment of funeral expenses and specific disbursements.

2. PERPETUITIES—RESTRAINT OF ALIENATION—WHAT ALLOWABLE.

Where a trust is created for the lives of two persons by a will, an annuity in favor of another person charged upon the same property, being for a definite sum, does not suspend alienation for a longer period than two lives in being.

Appeal from Wayne; Donovan, J. Submitted November 14, 1905. (Docket No. 127.) Decided March 5, 1906.

Bill by Darius Cole, Jr., and others against Adelbert R. Lee and Robert Maxwell, executors of the last will and testament of Darius Cole, deceased, Carrie L. Humphrey, and Carrie Cole to obtain a construction of said will. From a decree for complainants, defendant's executors appeal. Reversed, and decree entered for defendants.

*C. K. Latham* (*John J. Speed*, of counsel), for complainants.

*Fred C. Harvey*, for appellants.

MONTGOMERY, J. This bill is filed to obtain a construction of the will of Darius Cole and to require a distribution of the estate to the surviving children of Frank D. Cole. The provisions of the will are as follows:

"*First.* I give and bequeath to my son, Frank D. Cole,

the sum of twenty thousand dollars, the same to be paid to him by my executors as soon as the same can be paid without injury to my estate.

" *Second.* I give and bequeath to my grandson, Darius Cole, Jr., the sum of one thousand dollars, to be paid to him when he attains the age of twenty-one years.

" *Third.* My executors are hereby directed to pay to my niece, Phebe Simons, the sum of two hundred dollars each year during the term of her natural life.

" *Fourth.* My executors are hereby directed to furnish to Mrs. Carrie L. Humphrey a home at a cost not exceeding two thousand dollars, and they are also directed to pay her the sum of fifty dollars per month each and every month during the term of her natural life, and, inasmuch as the said Carrie L. Humphrey has been a member of my family for nearly thirty years, and was the associate and confidante of my deceased wife, I direct my executors to give such attention to her pecuniary circumstances as may be necessary; to ascertain her wants and to make such further expenditures as may be necessary to secure her maintenance in ease and comfort.· I also give ·and bequeath to said Carrie L. Humphrey the sum of five hundred dollars, payable to her after my decease.

" *Fifth.* I give and bequeath to each of my nieces, Mary Devine and Melissa Devine, the sum of two hundred dollars each.

" *Sixth.* I hereby appoint Frank D. Cole, Adelbert R. Lee, and Robert Maxwell my executors, and having full confidence in their ability and integrity, I request the court before whom this will may be proved that no bonds be required of the said executors to secure the faithful performance of their duties. In case of the death of either of such executors, their survivors or survivor shall continue to execute the trusts hereby created.

" *Seventh.* I direct my personal estate, largely consisting of steamboat property, be managed as near as may be the same as I have heretofore managed the same, until the same can be sold on terms favorable to my estate, and permission is hereby expressly granted to my executors to use, run and operate such vessels as I may own at the time of my death for the benefit of my estate until a favorable sale can be made.

" *Eighth.* I give my executors power and authority to sell and convey any of the lands of which I may die seised, but hereby express the opinion that said land had better

be held as assets of my estate for a considerable time to come.

"*Ninth.* I direct my executors to furnish funds from my estate to pay all reasonable expenses of living of my son Frank D. Cole and his wife and children during the lifetime of each of the said Frank D. Cole and his wife, and sufficient also to secure the education of all the children of said Frank D. Cole now living or that may hereafter be born; and in case said Frank D. Cole should die before all of his children shall become of age, or in case Frank D. Cole shall for any reason become incompetent to properly care for the said children, I direct my executors to see that said children are properly supported and educated.

"*Tenth.* I direct my executors to invest such funds belonging to my estate as may at any time accumulate and not be needed for the uses herein mentioned at interest in first mortgages on improved real estate at not to exceed one-half of its appraised value.

"*Eleventh.* After the payment of my funeral expenses and all my just debts, which my said executors are hereby directed to pay, and after the payments and disbursements herein directed shall have been made, I give and bequeath all the rest and residue of my estate, both real and personal, to my grandchildren, the children of said Frank D. Cole, both those now living and such as may hereafter be born, if any, share and share alike, the same to be equally divided between them by my executors, and in case of the decease of any such grandchildren or children leaving a child or children as heirs before such division shall have been made, such child or children shall take the share which its or their parents or parent would have been entitled to if still living.

"*Twelfth.* When any of my said grandchildren shall arrive at the age of twenty-one years my executors may make to such grandchild such advances towards their prospective share of my estate as they shall deem safe and proper by and with the consent and approval of the proper court."

The complainants contend that under the eleventh clause the estate vested in the residuary legatees after the payment of funeral expenses and the payment of the specific disbursements provided in other clauses of the will. The defendants contend that a trust was created

terminable at the death of Frank D. Cole and his wife, and that, as Carrie Cole, wife of Frank D. Cole, is still living, the trust continues. The circuit judge adopted the construction contended for by complainants, and, after creating a fund to provide an income to meet the requirements of the fourth and ninth clauses, directed a distribution of the remainder. The executors appeal.

The provisions are somewhat obscure, but we are agreed that the intention of the testator to create a trust to continue until the decease of both Frank D. Cole and his wife can be gathered from the four corners of the instrument. By the ninth clause the executors are directed to furnish funds to pay all reasonable expenses of the testator's son Frank D. Cole and his wife and children *during the lifetime of each said Frank D. Cole and his wife.* The purpose is clear to vest in the trustees a discretion (subject to review by the court) and to leave the control of the estate in the hands of the trustees. As indications that such control was intended may be cited the tenth clause, providing for the investment at interest of such funds as "*may not be needed for the uses herein mentioned;*" the second clause, which gives a legacy to Darius Cole, Jr., on his reaching his majority; and the twelfth, which authorizes advancements to any of the grandchildren whenever they attain the age of 21 years. We think the intention to create a trust to continue until the death of Frank D. Cole and wife is manifest. This was not a suspension of the power of alienation for a longer period than two lives in being.

The charge of an annuity in favor of Mrs. Humphrey does not prevent the vesting of the estate, as the amount is fixed. See *Buchanan* v. *Little,* 154 N. Y. 147.

The decree will be reversed, and a decree entered in accordance with this opinion.

GRANT, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.