### McINERNY v. HAASE.

1. PERPETUITIES—ESTATES—WILLS—LIFE ESTATE.
   A will creating a life estate in the testator's widow, a life estate in his daughter after the widow's death, title to vest in a granddaughter, if living at the termination of the life estates; if not, title to vest in his surviving grandchildren, does not violate the statute (3 Comp. Laws; §§ 8796, 8797), which prohibits the suspension of the absolute power of alienation for a longer period than two lives in being at the creation of the estate.

2. SAME.
   The period of suspension is not determined by the fact that more than two lives were in being when the estate was created, who, by a contingency, might share in its distribution, but by the number of life estates between the creation of the estate and its enjoyment in possession.

3. SAME—VESTED REMAINDERS.
   The devise created a vested remainder in the granddaughter, subject to be divested in the event of her death during the life of the mother.

4. Same—Contingent Remainders—Statutes.

> Remainders are vested when there is a person in being who would have an immediate right to possession on termination of the intermediate or precedent estate; contingent, when the person to whom or the event upon which they are limited, remains uncertain. 3 Comp. Laws, § 8795.

Appeal from Macomb; Erskine, J. Submitted October 26, 1910. (Docket No. 104.) Decided November 11, 1910.

Bill by Hannah McInerny against Mary Jane Haase for the construction of the will of Denis Kelleher, deceased. From a decree sustaining the validity of the estates devised, complainant appeals. Affirmed.

*George W. Coomer*, for complainant.

*Fox & Dohany*, for defendant.

McALVAY, J. The bill of complaint in this case was filed for the purpose of obtaining a construction of the will of Denis Kelleher, who died on or about March 1, 1862. His will was admitted to probate April 9, 1862. Complainant is the daughter of the testator and the defendant is a daughter of the complainant, and she and another child of complainant were living at the time of the death of the testator. After his death, two children were born to complainant, who are now living. The widow survived the testator and occupied the premises during her lifetime, dying in the year 1868. Upon her death, the daughter Hannah, the complainant, took possession of the real estate in question, and has continued to occupy the same to the present time.

The will in question reads as follows:

"Erin, Macomb County, State of Michigan,
"January 24th, 1862.

"Know all men by these presents, that I Denis Kelleher, of the township of Erin, county of Macomb and State of Michigan, do hereby solemnly make this my last will and testament, being in full possession of my mental

faculties, thank God: I do therefore give and bequeath to my loving wife, Mary Kelleher, my farm in the aforesaid town, described as follows, to-wit: The northwest quarter of the northwest quarter of section 6 in township 1 north, of range 13 east, also the whole of my personal property to have and to hold during her life time, and upon her death I bequeath to my affectionate daughter, Hannah the same property and finally, upon Hannah's death, to my granddaughter, Mary Jane McInerny, should she survive her mother Hannah. And in case the said Mary Jane dies before her mother Hannah, then it is my will that the aforesaid property be equally divided among the surviving children of my daughter Hannah.

"Provided that my son, John Francis Kelleher, who is at present in the United States Army, should return to this place whoever holds the property at the time shall pay him five dollars. And the Lord have mercy on my soul."

It is the contention of complainant that this will of Denis Kelleher is void because in contravention of sections 8796, 8797, 3 Comp. Laws, which provide in substance: That the absolute power of alienation shall not be suspended for a longer period than during the continuance of two lives in being at the creation of the estate, and that such power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed. Complainant contends that the case presents both propositions under these sections, that the court below passed upon but the first in the order above stated, and, as to that proposition, his construction should be reversed.

Is there any force in complainant's contention? Every will speaks from the death of the testator, and the statutes relied upon must be considered with reference to that fundamental proposition. Not considering for the present in the will under construction the clause which is claimed to defeat a devise in remainder, we find that the testator provided a life estate in his wife, a life estate in his daughter Hannah, and a remainder in the granddaughter, Mary Jane, upon the termination of the intermediate

estates for life.   Two estates for life were created.   Upon
the termination of those life estates, the suspension of the
power of alienation ceased.   More suitable or simple words
could not have been chosen by a testator drawing his will
in conformity with the section of our statute fixing the
period within which the power of alienation may be sus-
pended in this State.   There can be no difference of
opinion upon this conclusion, and we do not understand
that complainant contends to the contrary.   The dispute
arises on account of the words of the will above referred
to, used in the devise of the remainder, which we italicize:

"And finally upon Hannah's death, to my grand-
daughter, Mary Jane McInerny *should she survive her
mother Hannah.   And in case the said Mary Jane
dies before her mother Hannah, then it is my will that
the aforesaid property be equally divided among the
surviving children of my daughter Hannah.*"

In urging the claim that this provision suspended the
power of alienation for a period longer than that fixed by
the statute, complainant propounds the query:

"Were there more than two lives in being at the time
of the creation of this estate and who, by any contingency,
might share in its distribution?"

The period of suspension is not determined by the fact
that more than two lives were in being when the estate
was created who by a contingency might share in its dis-
tribution, but by the number of life estates between the
creation of the estate and its enjoyment in possession.
The contingency under which the estate in remainder
would go to the surviving children of Hannah could not
operate to extend the period of suspension, for the reason
that it must occur within the lifetime of Hannah.   This
court has said:

"It matters not whether the estate may ultimately vest
in one unborn at the time of the creation of the estate, for
the existence or nonexistence of such a person has no effect
upon the suspension of alienation, which must surely ter-

minate upon the death of the life tenant." *Torpy* v. *Betts*, 123 Mich. 243 (81 N. W. 1094).

In that case alienation was suspended but for the life of one person, but the principle applies to this case where two life estates were created. The court quoted with approval from *Gulliver* v. *Wicket*, 1 Wils. 105:

"The number of contingencies are not material if they are all to happen within a life in being." *Torpy* v. *Betts*, *supra*.

It remains to be determined whether the last portion of the will quoted suspended the power of alienation, not based upon lives, contrary to section 8796. This depends upon whether the estate in remainder was vested or contingent. Our statute (section 8795, 3 Comp. Laws) defines such estates:

"Future estates are either vested or contingent: They are vested when there is a person in being who would have an immediate right to the possession of the lands, upon the ceasing of the intermediate or precedent estate. They are contingent whilst the person to whom or the event upon which they are limited to take effect, remains uncertain."

We find in the instant case, under this definition, that at the creation of this estate this granddaughter was such person then in being who would have such immediate right to possession. The conclusion is unavoidable that this was a vested remainder. See opinion, authorities, and notes on the distinction between vested and contingent remainders. *Kountz's Estate*, 213 Pa. 390 (62 Atl. 1103, 3 L. R. A. [N. S.] 639, 5 Am. & Eng. Ann. Cas. 427). Upon the contingency of the death of the grandchild during the life of the mother Hannah, the will provides for an equal division of this property among Hannah's surviving children. This is a clause divesting the estate, but does not alter the fact that it vested on its creation in the grandchild. *L'Etourneau* v. *Henquenet*, 89 Mich. 428 (50 N. W. 1077, 28 Am. St. Rep. 310); Gray, Rule against Perpetuities (2d Ed.), § 108, and cases

cited.  See *Hovey* v. *Nellis,* 98 Mich. 379 (57 N. W. 255).

Our conclusion is that neither contention of complainant can be sustained.  The validity of the will as construed by the court is upheld.

The decree is affirmed, with costs.

Bɪʀᴅ, C. J., and Bʀᴏᴏᴋᴇ, Bʟᴀɪʀ, and Sᴛᴏɴᴇ, JJ., concurred.