SCHEIBNER *v.* SCHEIBNER.

WILLS—PERPETUITIES—ESTATES IN TRUST—SUSPENDING POWER OF
ALIENATION—STATUTES.

> A will by which a testator, after making certain bequests,
> devises the residue of his property to trustees, who are
> to pay the income therefrom to the widow for life, and
> after her death, pay the two sons of testator a certain
> sum each until the expiration of 20 years from his death,
> and not mortgage or sell the property during such period,
> and, after the expiration of such period, convert the estate
> into cash and pay the net proceeds to the two sons, share
> and share alike, is void, since, by the terms of the at-
> tempted trust, there are no persons in being in whom an
> absolute fee in possession can be given and the absolute
> power of alienation is suspended beyond the limit allowed
> by law.

Appeal from Wayne; Kendrick, J., presiding. Sub-
mitted October 15, 1917. (Docket No. 115.) Decided
December 28, 1917.

Bill by Charles G. Scheibner against Louisa Scheib-
ner and others for a construction of a will. From a
decree denying a motion to dismiss, defendants ap-
peal. Affirmed.

*Frank N. Renaud (Bishop & Kilpatrick,* of coun-
sel), for plaintiff.

*William Henry Gallagher* and *Francis T. McGann,*
for defendants.

MOORE, J. The bill of complaint avers, in substance,
that Ferdinand Scheibner died in Canada, leaving a
will which was probated in Canada, in which he gave
to a nephew $1,000, to a niece $1,000, and to the chil-
dren of a deceased brother $1,500. The will then
reads:

"Fifth. I give, devise and bequeath all the rest and residue of my estate, both real and personal and wherever situated unto my trustees hereinafter named upon the following trusts:

"I. To pay the income or revenue arising therefrom unto my wife, Louisa Scheibner for her own use absolutely and to permit her to use and occupy my homestead being part of lot four, in said township of Malden, with its furniture and contents, for and during her natural life.

"II. To pay unto my sons Charles Scheibner and William Scheibner the sums of seventy-five dollars a month each, from and after the death of my said wife, until the expiration of a period of twenty years from the date of my death, during which time I direct that none of my property shall be sold or mortgaged.

"III. To convert my said estate into cash at the expiration of the said period of twenty years and the net proceeds thereof to pay unto my said sons Charles Scheibner and William Scheibner, share and share alike, for their own respective use absolutely."

It is further averred that a certified copy of the will was allowed by the probate court of Wayne county as a foreign will and executors were appointed; that deceased left in Wayne county upwards of $70,000 worth of real estate and $8,000 and upwards of personal property. It is averred that:

"Charles G. Scheibner and William Scheibner are children of said Ferdinand Scheibner, deceased, and that Louisa Scheibner is the widow of said Ferdinand Scheibner, deceased, and that all of said children were living and were of full age at the time of the death of said Ferdinand Scheibner, deceased; and that there were no other children or any issue of any deceased children of said Ferdinand Scheibner, deceased, living at the time of his death. * * * That the rights and interests of your orator as an heir at law of Ferdinand Scheibner, deceased, are injuriously affected by paragraph 5 of said will, and especially by subdivisions 2 and 3 of said paragraph, and your orator is advised and believes, and charges the fact to be, that the trust attempted to be created by said paragraph 5

is void and inoperative and that subdivisions 2 and 3 of said paragraph are void and inoperative under the statutes of Michigan; that by the terms of said attempted trust there are no persons in being by whom an absolute fee in possession can be given, and the absolute power of alienation is suspended beyond and contrary to the period allowed by law."

The prayer, in part, is:

"(b) That this court may declare by its order and decree: (1) That subdivisions 2 and 3 of paragraph 5 are void and inoperative as creating estates in which the absolute power of alienation is suspended beyond and contrary to the period allowed by law; (2) that paragraph 5 of said will is void and inoperative as attempting to create a trust by the terms of which there are no persons in being by whom an absolute fee in possession can be given and which suspends the absolute power of alienation beyond and contrary to the manner prescribed by the laws of the State of Michigan; (3) if said trust is void and inoperative, that this court may order and decree that the properties thereby covered descend at once to the widow and children of Ferdinand Scheibner, deceased, as though he had died intestate relative thereto.

"(c) That this court may give such further direction in regard to the meaning and intention of several provisions in said will as shall seem meet to this court, and that if the trust created by said will is void, wholly or in part, your orator and the said estate be relieved therefrom, to the same extent as the same may be held void.

"(d) That your orator may have such other relief as may be agreeable to equity."

The defendants interposed a demurrer, which was overruled, and the case is brought here for review.

The ground of demurrer is that plaintiff has an adequate remedy at law. We quote from the brief of appellant:

"It is claimed that, this being a bill relating to trusts, equity's jurisdiction of trusts becomes involved, and for that reason the bill should be entertained.

This contention would be sound were this a proceeding for the construction of, or the determination of, rights under a trust. But this bill denies that a valid trust has been created. The denial of the existence of a valid trust carries with it the denial of the jurisdiction of the court to entertain an allegation concerning it. The precise question has been determined in New York"—citing *Jones* v. *Richards*, 24 Misc. Rep. 625 (54 N. Y. Supp. 126).

In that case only real estate was involved, and it was held there was an adequate remedy at law. In *Wager* v. *Wager*, 89 N. Y. 161, it is held that an executor of the personal estate is a trustee thereof and can be called to account in a court of equity. It was further held that, where the court has obtained jurisdiction for the purpose of establishing rights to the personalty, it will adjust the whole controversy.

Whatever may be said of other courts, this court has frequently construed wills involving like questions to those before us. See *Cole* v. *Lee*, 143 Mich. 267 (106 N. W. 855); *Foster* v. *Stevens*, 146 Mich. 131 (109 N. W. 265); *McInerny* v. *Haase*, 163 Mich. 364 (128 N. W. 215); *Van Gallow* v. *Brandt*, 168 Mich. 642 (134 N. W. 1018). The most recent case is *Otis* v. *Arntz*, 198 Mich. 196 (164 N. W. 498), in which we construed the provisions of a will which were in principle much the same as in the instant case, and held that the provisions of the will were void. See the authorities cited therein. The case is so recent and so accessible that we content ourselves with referring to it.

The order of the court below is affirmed. The appellants are given the usual time to answer. Plaintiff will recover costs.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.