FOSTER v. STEVENS.

1. WILLS—CONSTRUCTION—RULES—INTENT OF TESTATOR.
   The intent of the testator is the cardinal rule in the construction of wills, and if that intent can be clearly perceived, and is not contrary to some positive rule of law, it must prevail.

2. SAME—ENTIRE INSTRUMENT.
   Such a construction should be adopted as will give effect, if possible, to every clause, and meaning to every word, if it can be done without violating the general design of the instrument or any well-settled rule of law.

3. SAME—INCONSISTENT CLAUSES.
   If two clauses in a will are absolutely irreconcilable, the last prevails, as being the latest expression of the testator's wishes.

4. SAME—PRESUMPTION AGAINST INTESTACY.
   There is a presumption against partial intestacy.

5. SAME—PRESUMPTION AGAINST ILLEGALITY.
   If two constructions of a will or a part of it are possible, one consistent with the law and the other inconsistent, the presumption that the testator intended to comply with the law will compel that construction which is consistent with the law to be adopted.

6. STATUTES—CONSTRUCTION—ADOPTION FROM SISTER STATE.
   The rule that the construction given a statute by the courts of the State of its origin is followed only where the decision was made by the highest court of the State prior to the adoption of the statute by this State.

7. PERPETUITIES—TRUSTS—WILLS—CONSTRUCTION.
   A paragraph in a will directing that testator's executor should hold certain land in trust and pay the income thereof to testator's wife and two sons or the survivor of them during their natural life, and further providing that on the death of the two sons the land should descend to their heirs, examined, in connection with the other provisions of the will, and *held*, not invalid as suspending the power of alienation for a period longer than two lives (section 8797, 3 Comp. Laws), but to create a valid trust, the later clause limiting the earlier one as to the estate created.

Appeal from Kent; Wolcott, J. Submitted October 20, 1905. (Docket No. 91.) Decided October 29, 1906.

Bill by Frank W. Foster against George F. Foster and Wilder D. Stevens, executor of the last will and testament of Wilder D. Foster, deceased, to obtain a construction of said will, and for an accounting. From the decree rendered, complainant appeals. Affirmed.

*Martin Rozema* (*Nims, Hoyt, Erwin, Sessions & Vanderwerp* and *M. Brown,* of counsel), for complainant.

*Knappen, Kleinhans & Knappen* and *John E. More,* for defendants.

McALVAY, J. The bill of complaint was filed in this case by complainant against his brother and Wilder D. Stevens, executor of the will of his father, Wilder D. Foster, for the purpose of obtaining a construction of said will and an accounting of certain moneys and property received by said executor under and by virtue of the paragraph of said will which is in dispute, and for the conveyance and transfer of said property to complainant.

The testator was possessed of a large estate, both personal and real, at the time of his death. By the provisions of his will he made several bequests, and all of his estate not so disposed of, and not included in paragraph 11 in dispute, he gave to his wife and two sons, share and share alike; all of the wife's share under the will to be in lieu of dower and any distributive share she might be entitled to by any statutory provision. The testator left surviving him his widow, Fannie L. Foster, and two sons, Frank W. Foster, complainant, and George Foster, one of the defendants. Defendant Stevens, Noyes L. Avery, and the wife of the testator were appointed as executors of the will. After the death of the testator, which occurred September 20, 1873, the will was probated, and Stevens and Avery, two of the executors named, qualified

as such and entered upon the discharge of their duties. Since the death of Mr. Avery defendant Stevens has acted as sole executor.

The estate as appraised amounted to $218,487.46, personal property, real estate other than the property included in the eleventh paragraph of the will, referred to as the "trust property," $30,030.95, and the trust property $127,000. The trust property was incumbered by mortgages to the amount of $47,045.98. It consists of five business lots in the city of Grand Rapids, upon two of which at the time of testator's death were store buildings built several years before, and upon the remaining three lots was a building begun and partially constructed. During the administration of the estate the executors, with the consent of the widow, out of the personal estate and the income of all the estate including the trust property, have paid the entire mortgage indebtedness upon the trust property, and completed and paid for the unfinished building above mentioned.

The widow died in 1886, leaving an estate of about $35,000, the larger part of which she gave to the two sons, share and share alike. The estate of Mr. Foster has been fully administered, except as to the trust supposed to have been created by the eleventh paragraph of the will. During the lifetime of the widow all of the income of the property disposed of by said paragraph was divided between the widow and the sons, each receiving one-third. Since her death it has been equally divided between the sons. This estate has been administered by the executors and the survivors of them with economy and marked ability. The mortgage indebtedness has been fully paid and the buildings upon the trust property completed out of the personal property and the income of the entire estate. The entire amount of the legacies provided by the will have been paid, and the two sons, Frank and George, have received during the administration from personal estate and income of realty about $80,000 each, and also certain real estate provided by the will.

During her lifetime the widow received her entire share as provided by the will, including her share of the income from the trust property. The estate was closed and the executors discharged in 1889. Thereafter the executors, Avery and Stevens, acted as trustees under the eleventh paragraph of the will until the death of Mr. Avery, since which time Mr. Stevens has acted as sole trustee.

In 1881 complainant sold his interest which he had received from his father's estate in the firm of Foster, Stevens & Co., and in 1889, being unsuccessful in his business ventures and badly in debt, he conveyed all of his property in trust to defendant Wilder D. Stevens to manage and control the same during complainant's lifetime; his wife consenting thereto in writing. This trust has continued since that date; and the income from the trust property under the father's will, being from $600 to $800 a month, has been paid, one-half to George Foster and one-half to Mr. Stevens, trustee for complainant.

The trust provision of paragraph 11 of the will is attacked, and the court is asked to hold it invalid as offending against the provision of the statute which limits the suspension of the power of alienation of real property. Section 8797, 3 Comp. Laws. In the circuit court for Kent county a decree was rendered holding the trust a valid one, with the privilege to complainant of an accounting, if he desired, with the defendant Wilder D. Stevens of the conduct and management of the trust estate, and the receipt and disposition of the income therefrom, as prayed for in his bill of complaint.

From this decree complainant has appealed.

The question in this case is whether the provisions of the eleventh paragraph of this will are invalid because the power of alienation is suspended for a longer period than during the continuance of two lives in being. The essential provisions of this paragraph, omitting immaterial portions, are:

"I give and devise unto my executors hereinafter named, all and singular my lands, tenements and real

estate of whatsoever name and nature situate, lying and being at the foot of Monroe street, so called, in the city of Grand Rapids, county of Kent and State of Michigan, together with all and singular the hereditaments and appurtenances thereunto belonging or in anywise appertaining, in trust, however, for the purposes, uses and applications, and under and subject to the specific directions hereinafter particularly enumerated and set forth, that is to say: It is my will, and I direct that my said executors shall not sell or cause to be sold or conveyed said designated and described lands, tenements and real estate, or any part or parcel thereof,  *  *  *  and it is my will that my said executors shall hold the same in trust for my surviving heirs at law, and shall let and lease the same for the best possible rental price per annum, and shall equally divide any and all rents, profits and income that shall and may be derived and realized therefrom,  *  *  *  among and between my wife Fannie L. Foster, and my surviving children as aforesaid, share and share alike, at the expiration of each and every year during their natural lives and the natural life of either of them,  *  *  *  and always so that my said wife and surviving children or child shall not sell, mortgage, charge or otherwise dispose of the said lands, tenements and real estate, or any part thereof, in the way of anticipation or otherwise.  *  *  * And I desire and direct as is my will here expressed, that upon the death of my said children, Frank W. and George, herein named, that the said described lands, tenements and real estate so hereinbefore designated and described, shall descend to, become and be the property and estate of their heirs, or the heir or heirs of the survivor, to be owned by them in equal proportions, share and share alike, as tenants in common, to their heirs and assigns forever; and that my said executors shall then make over the possession of said lands, tenements and real estate, with the appurtenances and hereditaments to them accordingly."

In the construction of a will the first duty of a court is to ascertain the intention of the testator. Such intention is to be ascertained from the whole will interpreted with reference to the obvious or manifest object of the testator. All parts of the instrument must be construed in relation to each other, so as to give meaning and effect to every clause and phrase, and, if possible, form one consistent

.whole; every word receiving its natural and appropriate meaning. 1 Redfield on Wills, p. 431 et seq.; Page on Wills, § 462, and cases cited. Chief Justice Marshall, of this intention, said:

" The intent of the testator is the cardinal rule in the construction of wills, and if that intent can be clearly perceived, and is not contrary to some positive rule of law, it must prevail." *Finlay* v. *King's Lessee*, 3 Pet. (U. S.) 346.

While the eleventh paragraph of the will is the only provision contained in it which is in dispute, it will be necessary to consider its other provisions in attempting to ascertain his intention expressed in the whole will as well as in this paragraph. First he made such gifts and provisions as he desired to and for those he considered entitled to his bounty, not so near of kin to him as his wife and two children. Then for his wife and two sons and the heirs of said sons he made certain provisions by the terms of the trust paragraph under consideration, setting apart a portion of his estate for that purpose. Next he disposed of all the residue of his estate of every kind and description to his wife and these two sons, share and share alike. The estate he disposed of by his will was a considerable one. Without taking into consideration the payment of the mortgages on the trust property, which were paid out of the personal estate and the income from the whole estate by the executor with the consent of the widow and sons, it may be said that he divided equally two-thirds of his entire estate between them, giving to each property of the value of about $80,000, exclusive of their interest in the trust property; or, if the incumbrances on the trust property should be deducted in the first place, then he gave each the sum of $65,000. As far as these provisions are concerned as to two-thirds of his estate, it appears that the intention of the testator was that the wife and sons should share therein equally.

Considering now the eleventh paragraph, which deals exclusively with certain specific real estate, it must be

admitted that the intention of the testator as to this property was to create a trust. By its terms a prohibition was laid upon the executors against selling or disposing of any of it, and this prohibition was extended to his wife and sons. Here is indicated an express purpose and intention of preserving this property to be transmitted eventually intact. The executors were ordered to hold this property in trust:

"For my surviving heirs at law   *   *   *   and shall equally divide any and all rents, profits and income that may be derived and realized therefrom   *   *   *   among and between my wife Fannie L. Foster and my surviving children as aforesaid share and share alike at the expiration of each and every year during their natural lives, and the natural life of either of them.   *   *   *   And I desire and direct, as is my will here expressed that upon the death of my said children Frank W. and George herein named, that the said described lands, tenements and real estate, so as hereinbefore designated and described, shall descend to, become and be the property and estate of their heirs, or the heir or heirs of the survivor, to be owned by them in equal proportion, share and share alike, as tenants in common, to their heirs and assigns forever, and that my said executors shall then make over the possession of said lands, tenements and real estate with the appurtenances and hereditaments to them accordingly."

The parties for whom the property has been held intact, and to whom the same is to be transmitted, are named, as well as the time when the estate is to vest in them, together with full possession and enjoyment of the same. Taking the will as a whole, and guided by the well-recognized rules of construction already given, we have found without difficulty the clear intention of its maker to be as to two-thirds of his estate an equal division between his wife and children, who, as to this portion of his will, are the paramount objects of his bounty. As to the remaining one-third of his estate, a trust is created with provision that the net income of the property held by the trustees be equally divided between these same parties during their natural lives, said trust to terminate upon the death of

the sons and the estate to vest at once in their heirs; the heirs of the sons for whom the property has been held intact being made as to this portion of his will the paramount objects of his bounty.

The intention of the testator herein above expressed as to the division of his property among his wife and children and the heirs of his children cannot be questioned. The contention is that this intention as to the trust property cannot be carried out, and that the trust is invalid because by the terms of the trust paragraph the power of alienation of real estate is suspended for a period longer than during the continuance of two lives in being, contrary to the provisions of the statute.

The essential provisions of the paragraph have already been quoted at length. That portion under discussion provides that the income of the trust property shall be equally divided:

"Among and between my wife Fannie L. Foster and my surviving children as aforesaid, share and share alike, at the expiration of each and every year, during their natural lives, and the natural life of either of them.   *   *   * And I desire and direct as is my will here expressed that upon the death of my said children, Frank W. and George herein named, that the said described lands  *  *  *  shall descend to, become and be the property and estate of their heirs or the heir or heirs of the survivor, to be owned by them in equal proportion, share and share alike, as tenants in common, to their heirs and assigns forever, and that my said executors shall then make over the possession of said lands   *   *   *   to them accordingly."

If the first sentence above quoted stood by itself, or was to be construed alone, there can be no question but that it offends against the prohibition of the statute and suspends the power of alienation contrary to its provisions, and, unless the later provision of the paragraph modifies or controls this provision, the complainant's construction is correct and must prevail. This paragraph must be construed as a whole, in connection with the whole instrument. Such a construction should be adopted as will give effect,

if possible, to every clause, and meaning to every word, if it can be done without violating the general design of the instrument or any well-settled rule of law.

The later clause referred to reads:

"I desire and direct as is my will here expressed that upon the death of my said children Frank W. and George, herein named, that the said described * * * real estate * * * shall descend to, become and be the property and estate of their heirs or the heirs of the survivor."

As above stated, if this later clause does not modify or control the earlier clause, then the trust provision is invalid, and the clear intention of the testator to make provision for the heirs of his sons, who were the paramount objects of his bounty under the provisions of this paragraph, cannot be given effect. It is a well-established rule of construction that, if two clauses in a will are absolutely irreconcilable, the last prevails, as being the latest expression of the testator's wishes. 3 Jarman on Wills, p. 705; Page on Wills, § 470; *Hendershot* v. *Shields*, 42 N. J. Eq. 317; *Barnes* v. *Marshall*, 102 Mich. 248; *Smith* v. *Bell*, 6 Pet. (U. S.) 76. Of this later clause the trial judge in his opinion said:

"This clause as it stands is an express declaration that the limitation of the power of alienation ceases upon the death of the sons, whether the widow be then living or not. It is the last expression of the testator on the subject. Standing alone, it is clear and unambiguous. * * * If the earlier provisions of this paragraph are in conflict with this later one, the later must control, as being the last word of the testator on the subject. * * * It is the only place where the testator speaks in positive terms as to when the fee of the trust property is to pass and to whom."

Applying this rule last above stated, that the earlier clause must give way to and be harmonized with the later, the intention of the testator is not frustrated and a valid trust may be declared created. Such construction is also in harmony with the rule of presumption against partial intestacy. Page on Wills, § 466, and cases cited.

Further, testamentary intention is presumed to be in accordance with law. If two constructions of a will or part of it are possible, one consistent with the law and the other inconsistent, the presumption that the testator intended to comply with the law will compel that construction which is consistent with the law to be adopted. 3 Jarman on Wills, p. 706; Page on Wills, § 465, and cases cited; *James* v. *Pruden*, 14 Ohio St. 251; *Du-Bois* v. *Ray*, 35 N. Y. 162; *Roe* v. *Vingut*, 117 N. Y. 204.

It is contended that to hold in this case that the earlier clause is to be controlled by and harmonized with the later disregards a superior rule, which admits of no exception in the construction of written instruments, that, where one estate is given in one part of an instrument in clear and decisive terms, such estate cannot be taken away or cut down by raising a doubt upon the extent or meaning or application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving that estate; and many authorities are cited in support of the rule. The case at bar is not within the reason of this rule, because there is no doubt as to the extent, meaning, and application of the subsequent clauses, nor is the construction one of inference drawn therefrom. The subsequent words are clear, decisive, and unequivocal, and are the last words of the testator upon the subject. They determine the period during which the suspension of alienation continues, and when the fee to the trust property is to pass.

In giving this construction the court is not unmindful of the rule that it is the duty of the court to construe the will as made by the testator and not to make a new one. The construction given is in harmony with this rule. The court, following well-recognized rules of construction, has found from the whole instrument the intention of the testator, and determined that he has carried out that intention by the words he has actually used. In other

words, the intention of the testator being ascertained, the court finds the same has been carried out by valid testamentary disposition.

Our statute above referred to, relative to the suspension of the power of alienation of real property, was adopted from the New York statutes, and it is urged that the decisions of that State construing the statute subsequent to its adoption, in the absence of a contrary holding by the adopting State, should be given the greatest consideration. Complainant cites the case of *People's Trust Co.* v. *Flynn*, 106 App. Div. (N. Y.) 78, decided June 16, 1905, by the appellate division of the supreme court of New York, claiming that the case is identical with the case at bar in principle, and nearly identical in its facts and legal propositions, and should be decisive and controlling. The provision in the will in the *Flynn Case* construed by the New York court was very similar to the one in the case at bar, and the question involved was whether the trust was invalid under the statute. The practice of accepting the construction of the courts of a State in construing statutes adopted from such State is quite generally accepted and has been frequently recognized by this court. Such decisions are not necessarily controlling, and are not accepted unless made prior to the adoption and by the highest court of the State. The case at bar is, however, distinguishable from the case cited. In that case the provision of $1,800 to be paid yearly to the widow during her life was in lieu of dower and the only provision made for her. In the case at bar ample provision is made for the widow out of the estate other than her share of the income from the trust property. A careful examination of the opinion in the New York case shows that the court considered the wife as the paramount object of the testator's bounty, and did not hold the provisions of the trust valid, and apply the rule that the later clause should control and modify the earlier clause because in that case it would violate the intention of the testator and defeat a provision made for his wife. The court said:

" Although subsequent provisions of a will are frequently held to limit earlier provisions, that construction will not be adopted where it will violate the intention of the testator and defeat a provision for the benefit of one who must be regarded as the paramount object of the testator's bounty, and no such construction is urged upon us."

Under a similar state of facts this court might accept the reasoning of the New York court. The construction this court gives to this will, under the facts of this case, has been one which does not violate the intention of the testator and defeat a provision for the benefit of the paramount object of the testator's bounty. In this case the testator by clear and unambiguous language has declared when the limitation upon the power of alienation ceases and the estate vests.

In the construction of wills no hard and fast rule can be applied to all cases alike. The peculiar facts and circumstances of each case must be considered, and from them the court must determine the rules of construction to be adopted. In the construction of this will the court holds that the later clause of the paragraph under consideration must control, for the reasons herein stated, and declares the trust created to be a valid one.

The decree of the circuit court is affirmed, with costs to the defendants.

GRANT, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.