PETERS *v.* FOWLER.

1. WILLS—CONSTRUCTION—INTENT.

In the construction of a will, the intent of the testator is the cardinal rule, and, if clearly perceived and not contrary to some positive rule of law, must prevail.

2. SAME.

When a will fairly construed is susceptible of two constructions, one of which would render it inoperative, and the other give effect to it, the duty of the court is to adopt the latter construction.

3. SAME—PERPETUITIES—CHARITABLE USES—STATUTES.

Under Act No. 122, Pub. Acts 1907, as amended (3 Comp. Laws 1915, § 11099 *et seq.*), a will bequeathing the residue of testator's estate, real, personal, and mixed, after the payment of certain specific bequests, to the "board of foreign missions of the Methodist Episcopal church incorporated by the legislature of the State of New York," and providing that the executors might hold the real estate for five years, if necessary, to obtain $75 an acre for it, is not void by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries or the uses to which the bequest should be devoted, nor by reason of the same contravening the statute against perpetuities.[1] *In re Brown's Estate*, 198 Mich. 544.

Appeal from Gratiot; Searl, J. Submitted April 3, 1918. (Docket No. 20.) Decided September 27, 1918.

Bill by Jesse S. Peters and another against Arthur E. Fowler, administrator of the estate of Abner Peters, deceased, and others, to set aside certain deeds and mortgages and to declare void the last will of Lafayette Peters, deceased. From a decree overruling a demurrer to the bill, defendants appeal. Reversed, and bill dismissed.

*Edwin H. Lyon* and *John W. Myers*, for plaintiffs.

*William M. Smith*, for defendants Clinton County Savings Bank and Vaughan.

[1] See note in 14 L. R. A. (N. S.) 66.

*Charles H. Goggin* and *George P. Stone*, for defendants Peters *et al.*

*O. G. Tuttle*, for defendants Creaser *et al.*

MOORE, J. This is an appeal from an order overruling a demurrer to the bill of complaint and denying a motion to dismiss the bill of complaint. The bill of complaint was filed September 7, 1915, for the purpose of decreeing the last will of Lafayette Peters to be void, and that a certain deed dated February 24, 1915, made by Lafayette Peters, be set aside and that all other conveyances and mortgages based on said deed or on proceedings in probate court in relation to the estate of Lafayette Peters be set aside.

The plaintiffs are a nephew and niece and heirs at law of Lafayette Peters. On the 15th day of April, 1911, Lafayette Peters made the will in controversy, which will was admitted to probate on the 7th day of April, 1914. No appeal was taken from its allowance. About twenty paragraphs of the will make bequests about which there is no controversy.

Paragraph 22 reads:

"I give and bequeath to the Elwell Methodist Episcopal Church of Elwell, county of Gratiot, State of Michigan, incorporated under act number 11 of the Public Acts of 1899 of the State of Michigan, as appears by articles of incorporation dated January 17th, A. D. 1911, recorded in the book of records of incorporations in the county clerk's office of Gratiot county, State of Michigan, in liber number 4, on page 81, the income of five hundred dollars of my estate. This income it shall receive as long as there shall be Methodist Episcopal services held open for the public, in the now unincorporated village of Elwell, in the township of Seville, county of Gratiot, and State of Michigan, or in such territory as said village may grow to, twelve or more Sundays each year, payable yearly, commencing one year after the said five hundred dollars is set aside by my executors for that purpose, to such officer

as the majority of the board of trustees shall in writing designate as long as such corporation exists and to such person as the persons holding such meetings shall designate in writing should such corporation cease to exist, and the receipt of the person heretofore designated shall be a sufficient discharge to my executors or trustees under this will for the same.

"Upon said services not being held twelve Sundays in one entire year, said principal sum and any accrued income I give and bequeath to the board of foreign missions of the Methodist Episcopal church incorporated by the legislature of the State of New York and the receipt of the treasurer thereof shall be a sufficient discharge to my executors or trustees under this will for same.

"I shall expect my executors as soon as said five hundred dollars is available to place said money in certificates of deposit, drawing interest in a bank and to loan the same on only first mortgage on real estate only as soon as they can and the judgment of my executors or trustees under this will as to the bank the money shall be put into or the real estate the loans shall be made on shall not be questioned."

Paragraph 23 of the will is the one that plaintiffs claim makes the will void.  It reads:

"All the rest and residue of my estate, real, personal and mixed, of which I shall die seized and possessed or to which I shall be entitled at my decease I give, devise and bequeath to the board of foreign missions of the Methodist Episcopal church incorporated by the legislature of the State of New York, and the receipt of the treasurer thereof shall be a sufficient discharge to my executors for the same.

"A. I will and direct that all expenses incurred under the items heretofore numbered 1, and everything necessary under item 9th be paid in full from moneys, personal and mixed property that I have on hand at the time of my decease.

"B. In order to pay the aforesaid legacies and give as much under the 23d as I desire to unless previous to my death I shall dispose of the real estate I now own I desire my executors to hold the following described real estate that I die seized and possessed of

for five years after the date of my death, if necessary to obtain seventy-five dollars per acre for said real estate. For it is my will that any of the following described real estate that I shall die seized and possessed of shall not be sold for less than seventy-five dollars per acre, unless it can all be sold so that it will average seventy-five dollars per acre and as much more as my executors can obtain until after five years after the date of my death. After five years after the date of my death my executors are at liberty to divide it and dispose of the same in a manner as in their judgment will bring the best possible price. This shall also apply to any part of the said described property that I may own at the time of my death. * * *

"C. It is my will that my executors have two years after the five years after my death, should the five years be necessary, as heretofore set forth, in which to dispose of said real estate and settle my estate. I desire that item 23d be paid in one sum upon the closing up of my estate. That all items except the 1st, 9th and 23d be paid or set aside for the purposes heretofore mentioned at the convenience of my executors and that no property shall be sold to pay anything, except as heretofore provided. All other dispositions of any property, real, personal or mixed except as heretofore set forth under this will to pay the different bequeaths and set aside the funds mentioned herein shall be at the convenience and judgment of my executors, both as to disposition and payment.

"D. During the five years that my executors may have to hold said real estate I shall expect them to rent it to the best possible advantage, keeping the premises and buildings on the same at the time of my decease in as good condition and repair as they possibly can. In case a barn or other buildings, except dwelling, should be destroyed they shall have the right to replace the barn at a total expense not to exceed one thousand dollars out of any funds they may have. In case the insurance should be insufficient or it should not be insured, but I desire that my executors should keep them insured in the Farmers' Mutual of Gratiot and Clinton counties or some other good mutual or stock company.

"I give my executors full power in the premises

for the best interest of said estate, but under no circumstances shall they mortgage or encumber said estate, but may take a mortgage on the sale of said estate.

"E. I have herein remembered all my relation that I know about. For many years the foreign missionary work of the Methodist Episcopal church has been of great interest to me. I have no wife nor children and my father and mother have long ago passed to the other world and I have for a long time had in view the leaving of nearly all of my property as set forth in the 23d bequeath.

"I know the financial condition of my brothers and sisters and their children heretofore mentioned and this will is just as I want it.

"F. As I have for many years lived either entirely alone or with people to whom I am not related it is my will that upon my decease my executors hereinafter named shall have charge of my remains or such persons as they shall designate. It is my desire that my remains be buried in the lot my mother is buried in, in the cemetery known as the Pritchard cemetery in said township of Sumner, in the county of Gratiot, and State of Michigan, and that there shall be erected within one year after my decease by my executors a marker over my grave with a suitable inscription on and on the monument on said lot, if at that time there is a place for the same."

The will also contains the following:

"And I desire that said executors named should be trustees under the will when the estate is closed. I ask that the courts that they account to shall allow them their cash disbursements and what is lawful and right for their services in the settlement of this estate as special administrators and executors and as trustees under the will thereafter."

We quote from the brief of the plaintiffs:

"The theory upon which plaintiffs filed and claim the right to maintain their bill in this case as shown by their bill of complaint is as follows:

"1. That as to the eighty acres of land which is claimed to have been deeded by Lafayette Peters to his brother, Abner Peters, on February 24th, 1914, the

board of foreign missions renounced the devise in its favor and therefore if that deed is voidable as claimed by the plaintiffs then that eighty acres descended to the next kin of the deceased and these plaintiffs, taking a part of it by inheritance, have a standing to attack that deed and the subsequent transfers of that property.

"2. That Lafayette Peters was not a mentally competent person and was in fact in a state of coma immediately preceding death at the time that the deed of February 24th, 1914, is alleged to have been executed and that therefore the deed ought to be set aside.

"3. That as to the eighty acres of land which remained undisposed of at the time of the death of Lafayette Peters (and also as to the other eighty acres of land if the board of foreign missions should attempt to claim it now), the will violated the statute against perpetuities and that violation is not saved by the provisions of Act No. 122 of the Public Acts of Michigan of 1907, and amendments thereto.

"4. That as to the will itself it does not purport to vest the title to the lands referred to in said will in any person or persons prior to the time provided for therein as the time of sale and division of the proceeds thereof, and therefore, that the will in question is void as to all of the lands described therein.

"5. That the proceedings in probate court touching the sale and disposal of that remaining eighty acres of land were and are without jurisdiction and void.

"6. That the main or whole purpose of the will in question was to bestow the bulk of the property upon the board of foreign missions and that because of the failure of that purpose the entire will should be set aside and the property pass to the heirs-at-law of the deceased."

It is the claim of defendants that the demurrer and the motion to dismiss the bill of complaint should have been granted for the following among other reasons:

"1. Because the order and decree admitting the last will and testament were valid  *  *  *  and that said order and decree stand unreversed and unappealed from and the subject-matter of this suit is therefore *res adjudicata*.

"2. Because the gift, grant and bequest of the rest, residue and remainder of the said estate were made for religious, educational, charitable and benevolent purposes which said purposes were authorized by law and made in compliance with such laws. * * *

"6. Because said plaintiffs as heirs at law of said deceased would take no right, title or interest in the land deeded by said deceased during his lifetime to his brother Abner Peters, whether said deed was valid or invalid as the defendant, the board of foreign missions of the Methodist Episcopal Church, the residuary legatee, would take all interest in and to said land so deeded and the right to attack the validity of said deed.

"7. Because it appears from said bill that the defendants, the executors named in said will, were duly and legally appointed by the probate court of Gratiot county, which had jurisdiction of the estate of said Lafayette Peters, deceased, that they duly qualified and accepted said trust and were entitled to the possession of said estate for purposes of administration."

In our view of the case it will not be necessary to discuss all of the very interesting legal questions so ably argued by counsel. In *Foster* v. *Stevens,* 146 Mich. 131, it was said in substance that the intent of the testator is the cardinal rule in the construction of wills, and if that intent can be clearly perceived, and is not contrary to some positive rule of law, it must prevail, and that such a construction should be adopted as will give effect if possible to every clause and meaning to every word, if it can be done without violating the general design of the instrument or any well-settled rule of law.

In *Clark* v. *Mack*, 161 Mich., at p. 549, Justice STONE, speaking for the court, said:

"When a will fairly construed is susceptible of two constructions, one of which would render it inoperative, and the other give effect to it, the duty of the court is to adopt the latter construction. 30 Am. & Eng. Enc. Law (2d Ed.), p. 667, and cases cited in

note. In *Den* v. *Crawford*, 8 N. J. Law, 97, Ewing, C. J., in giving the opinion of the court, said:

"'It is only when a reasonable construction and the discovery of the intent of the testator are utterly hopeless that all effect should be denied to a will.'"

By consulting the will it will be seen that the bequest made to the Elwell Methodist Episcopal Church by paragraph 22, if certain things are not done by that church, is to go to the board of foreign missions. It will also be noticed that the bequests made to the residuary legatee in paragraph 23 contains no suggestion that it shall go in some other direction if the desires expressed in the lettered subdivision of that paragraph are not carried out. See *Scott* v. *Roethlisberger*, 178 Mich. 581.

But it is urged that the instructions and desires expressed in the lettered subdivisions of paragraph 23 are in violation of the statute against perpetuities and that Act No. 122 of the Public Acts of 1907, as amended (3 Comp. Laws 1915, § 11099 *et seq.*), does not save the bequest. At the time this case was decided in the court below Act No. 122 had been considered by this court in the case of *Loomis* v. *Mack*, 183 Mich. 674, where the act was held to be constitutional by a divided court. The trial judge did not consider that decision, because it was made by a divided court, as controlling the instant case. Later the act was before this court in *Re Brown's Estate*, 198 Mich. 544, where, by the unanimous opinion of the Justices, the act was held to be constitutional. The last-named case is controlling of the instant case. The demurrer should have been sustained and the bill of complaint dismissed.

The decree is reversed and one may be entered in this court dismissing the bill of complaint, with costs to the defendants.

OSTRANDER, C. J., and BIRD, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.