*In re* ERICKSON ESTATE.

1. WILLS—CONDITION PRECEDENT.

A condition precedent is one which must take place before an estate can vest, with the result that if property is devised upon such a condition, title will not pass until the condition is performed.

2. SAME—CONDITION SUBSEQUENT.

A condition subsequent is one which in terms operates on an estate devised and renders it liable to be divested for breach of condition, the title passing to the devisee by virtue of the will subject to divestiture on failure to perform the condition.

3. SAME—DAUGHTER.

A testator is not under any legal obligation to provide anything for his adult daughter.

4. SAME—CONDITIONS ATTACHED TO A GIFT.

A testator has a right to attach to a gift in his will any lawful terms or conditions he sees fit.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 19 Am Jur, Estates § 59.
[1, 2] 57 Am Jur, Wills § 1504.
[2] 19 Am Jur, Estates § 62 *et seq.*
[3] 57 Am Jur, Wills §§ 150, 582.
[4] 57 Am Jur, Wills § 1503.
[5] 57 Am Jur, Wills § 1121.
[6] 57 Am Jur, Wills § 1506 *et seq.*
[7] 57 Am Jur, Wills § 1510 *et seq.*

5. SAME—COURTS.
>    Courts do not make wills by substituting their judgment for that of the testator.

6. SAME—CONDITION PRECEDENT—NONPERFORMANCE.
>    It is enough that a condition precedent be not performed to prevent vesting of title in a devisee, where the devise is upon condition precedent and the condition is lawful, the fact that the beneficiary is not at fault not making any difference.

7. SAME—CONDITION PRECEDENT—ADOPTION OF CHILDREN.
>    Will devising property to testator's daughter and son-in-law upon condition that they adopt a boy and a girl of the age of 3 years or under before testator's decease or within 1 year thereafter, provided they did not have a child of their own, constituted a condition precedent to vesting of title in them and substantial performance thereof was not effected by the adoption of a 7-year-old boy nor does claimed impossibility of performance render the condition ineffective.

Appeal from Iron; Brown (Ernest W.), J. Submitted June 17, 1956. (Docket No. 60, Calendar No. 46,845.) Decided September 4, 1956.

In the matter of the estate of Andrew Erickson, deceased, Edna Erickson Olson and Einer Olson, contingent residuary legatees, contested provisions in clause under which they were to take. Other beneficiaries, First Lutheran Church of Iron River, Swedish Societies' Old People's Home Association, Augustana Hospital, and Swedish National Sanatorium, as proponents, claimed additional benefits under contingent clauses. Will held valid in entirety in probate and circuit courts. Contestants appeal. Affirmed and remanded.

*Herbert R. Friedlund* and *F. Lloyd Symmonds,* for proponents.

*L. J. Archambeau,* for contestants.

Sharpe, J. This is an action to construe pargraph 7 of the will of Andrew Erickson, deceased. The paragraph in question reads as follows:

"All the rest, residue and remainder of my estate of whatever name or nature, real, personal or mixed, and wherever situate, and of which I shall be seized or entitled to at the time of my death, I give, devise and bequeath unto by beloved daughter, Edna Erickson Olson, and my beloved son-in-law, Einer Olson, jointly, as husband and wife, provided, however, and this devise and bequest is upon the express condition that my said daughter and son-in-law shall legally adopt, either before my decease or within one year thereafter, a boy and a girl of the age of three years or under, providing they have no child or children of their own during said periods. If my said daughter and said son-in-law shall refuse, neglect or fail to adopt legally, either before my decease or within a year thereafter, a boy and a girl of the age of three years or under, provided they have no child or children of their own, during said periods, then I give, devise and bequeath one-third of said rest, residue and remainder of my estate to my beloved daughter, Edna Erickson Olson, and my beloved son-in-law, Einer Olson, jointly, as husband and wife, together with the right and privilege to use and occupy, as long as they or the survivor of them shall live, the surface only of that certain piece or parcel of land described in paragraph two of this, my last will and testament; the remaining two-thirds of such rest, residue and remainder of my estate I give, devise and bequeath to the legatees named in the sixth paragraph of this, my will, designated therein as 'A', to 'D', both inclusive, share and share alike, subject, however, to the right and privilege of the said Edna Erickson Olson and Einer Olson and my beloved wife, Anna Erickson, to use and occupy the surface of the lands mentioned in said paragraph two."

Andrew Erickson executed his last will and testament July 30, 1945. He was married and had one child, a married daughter, Edna Erickson Olson. He died March 1, 1954, and a few days after his death was the first time that his daughter and her husband knew of this provision in the will. At the time the will was made, Edna Erickson Olson was 45 years of age and her husband, Einer Olson, was 42 years of age. At the time of the hearing in probate court in October, 1955, Edna Erickson Olson was 55 years of age and Einer Olson was 52 years of age.

It appears that some years prior to the death of Andrew Erickson the Olsons had adopted a boy, who at the time of the death of Andrew Erickson was almost 7 years of age. It also appears that immediately following the death of Andrew Erickson, the Olsons contacted adopting agencies, but were unsuccessful in the adoption of a girl as required by the will. Upon the filing of the will for probate the Olsons filed objections to the 7th paragraph of the will, alleging that this paragraph of the will is void because of the impossibility of performance. The probate court held the will valid and the cause was appealed to the circuit court. The circuit court also held the will valid and remanded the cause to the probate court for further proceedings.

Contestants appeal and urge that paragraph 7 of the will is invalid because of the impossibility of its performance. This claim brings to a focus the question of whether the adoption of a child is a condition precedent.

In 57 Am Jur, Wills, § 1504, p 1018, it is said:

"Conditions precedent are those which must take place before an estate can vest, with the result that if property is devised upon such a condition, title will not pass until the condition is performed, while conditions subsequent are those which in terms oper-

ate on an estate devised and render it liable to be divested for breach of condition, the title passing to the devisee by virtue of the will subject to divestiture on failure to perform the condition."

In the case at bar testator was not under any legal obligation to provide anything for his daughter and he had a right to attach to a gift in his will any lawful terms or conditions he saw fit. Courts do not make wills by substituting their judgment for that of the testator. In *In re Kramer's Estate,* 324 Mich 626, 635, we said:

"It is not the province of the court or jury to substitute its judgment for that of the testator, or to correct a seeming injustice. So long as the testator was of sound mind and expressed her own desires in the instrument, she was at liberty to make whatever disposition she chose."

In *Johnson* v. *Warren,* 74 Mich 491, a testator devised life-estates in 80 acres of land to his mother and sister, and the fee to defendant on arriving at his majority, upon condition that within 1 year from the date of the will he went to live with the testator's sister as her own (son), to be under her sole guidance and guardianship until of full age, and upon his failure so to do the land was to belong to relatives named in the will. In a suit to construe the will it was held that it gave the defendant no interest until he should arrive at the age of 21, nor unless he within the year went to live with the testator's sister, and continued under her sole guidance and guardianship until he was 21 years old, which condition this Court held to be reasonable and intelligible, and, being also lawful, must control the estate. We there said at page 497:

"The fact that the conditional beneficiary is not in fault for nonperformance can make no difference. In the present case he could not have chosen for

himself. The entire condition was to be performed during his legal incapacity; and when the condition is one of fact, and not left open to option or contingency, it makes no difference why it is not performed, when the only right that the devisee has to receive any bounty from the estate is found in the words of the will. See Co. Litt. 206b; *Roundel* v. *Currer,* 2 Brown Ch 67 (29 Eng Rep 39); *Boyce* v. *Boyce,* 16 Sim 476 (60 Eng Rep 959); *Hodge's Legacy,* LR 16 Eq 92; *Powell* v. *Rawle,* LR 18 Eq 243; *Astley* v. *Earl of Essex,* LR 18 Eq 290; *Bertie* v. *Falkland,* 1 Salk 231, 2 Vern 333 (22 Eng Rep 1171)."

In *Conant* v. *Stone,* 176 Mich 654, the testator made a devise of a life estate to his son for so long as the son continued to live with his wife, but in case of her death or legal separation the son was to inherit an estate in fee simple. The son continued to live with his wife until his death, which occurred about 30 days after the death of testator. We said at page 657:

"The devise of the fee under consideration was not a present one; neither was the condition annexed a subsequent one. It was a condition precedent, a condition that was to be complied with before the fee would vest in George. A separation by death or divorce must take place before the fee would vest in George, according to the terms of the will. If it were a condition precedent, it would be of no importance that the condition was void. Whether void or valid, the fee would not vest until the condition was complied with. 2 Pomeroy's Equity Jurisprudence (3d ed), § 933b; 1 Story's Equity Jurisprudence, § 289; 16 Cyc, p 607; *Phillips* v. *Ferguson,* 85 Va 509 (8 SE 241, 1 LRA 837, 17 Am St Rep 78); *Ransdell* v. *Boston,* 172 Ill 439 (50 NE 111, 43 LRA 526)."

In our opinion paragraph 7 of the will creates a condition precedent. The adoption of a girl as re-

quired by the will is a condition to be complied with before the fee vests in the Olsons.

It is also urged by contestants that they have substantially performed the conditions stated in the will by the adoption of a boy, and that the conditions are impossible of performance. This claim is contrary to our decision in *Johnson* v. *Warren, supra.*

The judgment of the trial court is affirmed and the cause remanded to the probate court for further proceedings. Proponents may recover costs.

DETHMERS, C. J., and SMITH, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.

EDWARDS, J., took no part in the decision of this case.