*In re* VALENTINO ESTATE

Docket No. 61951. Submitted March 23, 1983, at Detroit.—Decided August 16, 1983.

Paul Valentino, Sr., died testate. His will named Norma Jean Veta as guardian for his minor son, Marcus Valentino. Mrs. Veta declined appointment as guardian pursuant to the will and instead consented to the appointment of Deborah Valentino Leach as guardian for and conservator of the estate of Marcus. Thereafter Mrs. Veta petitioned for the removal of Mrs. Leach as guardian and conservator. The Oakland Probate Court, Eugene A. Moore, J., replaced Mrs. Leach with Mrs. Veta as guardian but retained Mrs. Leach as conservator. Later Mrs. Veta filed a second petition for removal of Mrs. Leach as conservator and Mrs. Leach filed a petition for removal of Mrs. Veta as guardian. The probate court denied both petitions. William P. Hampton, attorney for Mrs. Veta, and Curtis G. Rundell, II, attorney for Mrs. Leach, filed a petition for attorney fees incurred in the later proceedings, seeking payment of said fees from the estate of Paul Valentino, Sr. The probate court ordered payment of the attorney fees by the estate of Paul Valentino, Sr., holding that the litigation relative to the appointment of the guardian for and the conservator of the estate of the minor son benefited the estate of the deceased father. Frank Vecchio and Paul G. Valentino, Jr., as personal representatives of the estate of Paul Valentino, Sr., appealed from the order directing payment of the attorney fees by the estate of the deceased. *Held:*

1. The proceedings relating to the appointment of the guardian and conservator for the minor son were not auxiliary to the probating of the will of the deceased father. It was only by conincidence that jurisdiction and venue for both the probating of the estate of the deceased father and the consolidated

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur 2d, Guardian and Ward §§ 17, 22, 24.
[2, 6, 7] 39 Am Jur 2d, Guardian and Ward § 180.
[3] 80 Am Jur 2d, Wills § 1128.
[4] 39 Am Jur 2d, Guardian and Ward § 98.
[5] 39 Am Jur 2d, Guardian and Ward §§ 57, 59.

guardianship-conservatorship proceedings lay in the same pro-
bate court.

2. Liability of the estate of the deceased father for the
attorney fees incurred in the guardianship-conservatorship pro-
ceeding could only arise if the legal services in those proceed-
ings were a benefit to the estate of the deceased father. While
the probate court found such a benefit to the estate of the
deceased father, that finding was erroneous in that the court
substituted its own view of the testator's unexpressed inten-
tions.

3. The estate of the minor is chargeable with the payment of
the attorney fee only if the litigation was beneficial to the
minor's estate. The fact that proceedings are commenced in
good faith by persons concerned with the welfare of the minor
does not, in itself, establish a benefit to the estate.

Reversed and remanded.

1. COURTS — PROBATE COURT — JURISDICTION — MINORS — GUARD-
IAN AND WARD — CONSERVATORS — DECEDENT'S ESTATES.

Proceedings relating to the appointment of a guardian for and
conservator of the estate of a minor child of a deceased parent
are not proceedings auxiliary to the proceeding relating to the
admitting to probate of the estate of the deceased parent even
where the various venue and jurisdiction statutes place venue
and jurisdiction for both proceedings in the same probate court.

2. COSTS — ATTORNEY FEES — DECEDENT'S ESTATES — MINORS —
GUARDIAN AND WARD — CONSERVATORS.

The estate of a deceased parent is not liable for the attorney fees
arising out of proceedings related to the appointment of a
guardian for and conservator of the estate of a minor child of
the deceased parent unless such proceedings can be said to
benefit the estate of the deceased parent.

3. WILLS — PROBATE COURT — TESTATOR'S INTENT.

A probate court has no power to make a new will so as to carry
out the court's view of the unexpressed intention of the testa-
tor; accordingly, a probate court may not order payment by a
decedent's estate of attorney fees incurred in proceedings re-
lated to the appointment of a guardian for and conservator of
the estate of a minor child of the deceased on the basis of the
court's view that, although unexpressed, the testator intended
that the minor have proper care.

4. GUARDIAN AND WARD — CONSERVATORS — FIDUCIARIES — EMPLOY-
MENT OF COUNSEL.

A guardian for and a conservator of the estate of a minor are

both fiduciaries; as fiduciaries, such persons are, by statute, entitled to employ counsel to perform necessary legal services on behalf of the estate they represent (MCL 700.5, 700.543; MSA 27.5005, 27.5543).

5. GUARDIAN AND WARD — CONSERVATORS — MINORS — FIDUCIARIES.

A guardian of a minor child in petitioning to remove the conservator of the same child, or the conservator in petitioning to remove the guardian, acts as an individual rather than as a fiduciary of the estate of the child.

6. GUARDIAN AND WARD — CONSERVATORS — MINORS — FIDUCIARIES — ATTORNEY FEES.

Attorney fees are chargeable to the estate of a minor child for legal services rendered pursuant to employment by the guardian for or conservator of the estate of the minor child where the services of the attorney were on behalf of and beneficial to the estate of the child (MCL 700.543; MSA 27.5543).

7. GUARDIAN AND WARD — CONSERVATORS — MINORS — FIDUCIARIES — ATTORNEY FEES.

The estate of a minor child may be liable for the attorney fees associated with the defense of the guardian for or the conservator of the estate of the minor child in an action to remove such person as guardian or conservator; however, the guardian or conservator may not charge against the estate of the child attorney fees associated with such litigation where the guardian or conservator does not prevail in full or is partially to blame for the bringing of the litigation; under such circumstances the guardian or conservator is deemed to be acting in an individual capacity rather than as a fiduciary and will be held to be individually chargeable for the attorney fees.

*Rabette & O'Dea, P.C.* (by *Thomas P. Rabette*), for the personal representatives of the Estate of Paul Valentino, Sr.

*Curtis G. Rundell, II, P.C.* (by *Curtis G. Rundell*, appellee).

Before: MAHER, P.J., and MACKENZIE and M. B. BREIGHNER,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

MACKENZIE, J. In this case, the personal representatives of the estate of Paul Valentino, Sr., appeal by right from a probate court order compelling that estate to pay attorney fees to the attorneys for the guardian and the conservator of Marcus Valentino, a protected minor, for their work on petitions to remove the guardian and conservator. Marcus Valentino is the son of the late Paul Valentino, Sr. Norma Jean Veta, an aunt of Marcus, was named as the guardian of Marcus in the will of the elder Valentino. However, Mrs. Veta did not at first serve as guardian but instead consented to the appointment of Deborah Valentino Leach, a sister of Marcus, as guardian and conservator. Mrs. Veta subsequently petitioned for the removal of Mrs. Leach as guardian and conservator, and the probate court replaced Mrs. Leach with Mrs. Veta as guardian but retained Mrs. Leach as conservator. Attorney fees resulting from this petition are not at issue in this appeal. Later, Mrs. Veta filed a second petition for the removal of Mrs. Leach as conservator, while Mrs. Leach filed a petition for removal of Mrs. Veta as guardian. Both petitions were denied. However, the attorney fees at issue here were awarded to the attorneys for both the guardian and the conservator for their work in bringing and defending the petitions.

I

The estate of the deceased and the guardianship and conservatorship proceedings were all pending before the same probate judge here. The guardianship and conservatorship proceedings were properly consolidated. However, an implicit assumption underlying the probate court's decision was that the consolidated guardianship-conservatorship pro-

ceeding was merely auxiliary to the estate of the deceased and that, therefore, a service rendered to the estate of Marcus was a service rendered to the estate of the deceased. Appellees try to establish this auxiliary relationship by pointing out that a person who has standing to object to the appointment of a guardian for a minor has standing to contest a will establishing a testamentary guardianship. *Taff v Hosmer,* 14 Mich 249 (1866). Moreover, in cases involving a testamentary guardianship, the court before which the estate of the deceased parent is pending retains jurisdiction over the guardianship. MCL 700.422, 700.433, 700.435; MSA 27.5422, 27.5433, 27.5435.

We first note that this case does not involve a testamentary guardianship. The guardian appointed in the will did not accept the appointment, and it was only after the guardian appointed by the court was removed that the person who did not accept the testamentary guardianship was appointed by the court as guardian. But even if this case did involve a testamentary guardianship, we cannot see how, in such a case, the power of the court in which the estate of the parent is pending justifies treating the estate of Marcus as a mere auxiliary to that of the deceased parent. The differences between the two estates are more significant than the single possible connection.

No authority gives the administrators of the estate of the deceased parent any control over the guardian or conservator or any standing in the consolidated guardianship-conservatorship proceeding other than that which the administrators have as individuals. The administration of the estate of the deceased parent has no common purpose with the guardianship or conservatorship. The estate of the deceased parent exists to distribute the de-

ceased parent's property and to preserve it pending distribution, while the guardianship exists to exercise the powers and responsibilities of a parent toward the minor and the conservatorship exists to preserve the minor's property until the minor reaches the age of majority. No authority requires the estate of the deceased parent to remain open until the minor reaches the age of majority and the guardianship and conservatorship are terminated.

The estate of a deceased parent and the guardianship and conservatorship proceedings for the minor need not be pending before the same court. The probate court in the county in which the minor resides has concurrent jurisdiction over proceedings connected with the guardianship with the court in which the guardian was appointed or the acceptance of a testamentary appointment was filed. MCL 700.435(1); MSA 27.5435(1). Because Marcus resided in California, the court here was required to notify the California court and, after consultation with that court, to determine whether to retain jurisdiction or transfer the proceedings to California. MCL 700.435(2); MSA 27.5435(2). Moreover, the proper venue for guardianship proceedings is in the place where the minor resides or is present. MCL 700.425; MSA 27.5425. Venue for appointment of the guardian here was proper in the county in which the father's estate was pending only because the son resided in that county at the time the guardian was appointed. The rules relative to establishing proper venue and jurisdiction to appoint or remove a conservator are somewhat different, see MCL 700.462; MSA 27.5462 and MCL 700.463; MSA 27.5463, however, proper venue and jurisdiction for proceedings relating to a conservator of the estate of a minor child are also not controlled by venue and jurisdiction over

the deceased parent's estate. In short, it is only a coincidence that here both the estate of the parent and the consolidated guardianship-conservatorship proceeding were pending before the same court.

## II

Because the consolidated guardianship-conservatorship proceeding is not a mere auxiliary to the estate of the deceased parent, an order requiring the estate of the parent to pay for the services of attorneys must be supported by a showing of a benefit to the estate of the parent from the services of the attorneys, not merely, by a showing of a benefit to the estate of the minor. Here, the probate court found a benefit to the estate of the deceased because the deceased had wanted his children to be properly cared for and because the services of the attorneys were performed in litigation to ensure that Marcus was properly cared for. However, the probate court had no power to make a new will for the deceased to carry out its view of his unexpressed intentions. *Foster v Stevens,* 146 Mich 131, 140; 109 NW 265 (1906); *Evans v Grossi,* 324 Mich 297, 304; 37 NW2d 111 (1949); *In re Erickson Estate,* 346 Mich 432, 436; 78 NW2d 256 (1956).

Here, the probate court, in essence, has taken money from the other heirs and transferred it to the estate of Marcus to aid in having Marcus properly cared for. The probate court, therefore, has altered the scheme of distribution set forth in the testator's will to conform with its view of the testator's unexpressed intentions. This was beyond the probate court's powers.

The estate of Paul Valentino, Sr., is not Paul Valentino, Sr. The estate of the deceased exists to

distribute the deceased's property and to preserve such property pending distribution, not to carry out the deceased's unexpressed intentions. The estate of the deceased is not concerned with ensuring that Marcus is properly cared for, that is why Marcus has his own guardian and conservator. The services of the attorneys here were not beneficial to the estate of the deceased; the probate court therefore erred by requiring the deceased's estate to pay for those legal services.

## III

The attorney fees at issue here must be paid either by the guardian and the conservator individually or by the estate of Marcus. To prevent questions from arising on remand, we will briefly discuss the principles of law controlling whether the estate of Marcus can be required to pay the attorney fees.

Both the guardian and conservator are fiduciaries; see MCL 700.5; MSA 27.5005. MCL 700.543; MSA 27.5543 provides:

"Without obtaining a court order, a fiduciary of an estate may employ counsel to perform necessary legal services in behalf of the estate and the counsel shall receive reasonable compensation for the legal services."

We first note that no authority gives a guardian any standing in issues concerning the conservatorship or gives a conservator any standing in issues concerning the guardianship. Therefore, when the guardian and the conservator here petitioned for the removal of each other, they did so as individuals and not as fiduciaries.

Attorney fees are chargeable to the estate under the statute quoted above only where the services

of the attorney were on behalf of and beneficial to the estate. *In re Baldwin's Estate,* 311 Mich 288, 314; 18 NW2d 827 (1945); *In re Brack Estate,* 121 Mich App 585, 591; 329 NW2d 432 (1982). Does an attorney who defends a fiduciary against charges of neglect or wrongdoing provide a service on behalf of and beneficial to the estate? *In re Baldwin's Estate, supra,* p 314, contains the following statement:

"In addition to the above attorneys' fees there is in the final account an additional fee of $658.75 for the same attorneys. This charge was made incident to defending the executor himself from the claim of the legatees that he had mishandled the estate. It was not for the benefit directly or indirectly of the estate, hence this fee is not properly a charge against the estate. Had the executor fully prevailed and been exonerated from all error, a different conclusion might have been reached. However, numerous errors have been proven against the executor and he should personally pay the cost of his own defense."

See also *In re Davis's Estate,* 312 Mich 258, 265-266; 20 NW2d 181 (1945), in which the Court declined to allow as a charge against the estate attorney's fees for defending the administrator against charges of fraud even though the administrator prevailed. The Court found that the administrator had unnecessarily involved himself in a situation which he should have known would result in litigation.

Because the orderly administration of an estate requires that fiduciaries not be changed unnecessarily, we hold that attorney's fees for defending the fiduciary may be chargeable to the estate. However, the *Baldwin* and *Davis* cases show that, where the fiduciary does not completely prevail, or where the fiduciary was partially to blame for

bringing about unnecessary litigation, the fiduciary rather than the estate should be responsible for the attorney's fees.

An order requiring an estate to pay the attorney fees of an individual not acting as a fiduciary is proper under the circumstances stated in *Becht v Miller,* 279 Mich 629, 638; 273 NW 294 (1937):

"[A]s a general proposition it may be stated that before such an item may be charged against the estate it must be shown that the services rendered were beneficial to the estate as a whole rather than to an individual or group of individuals interested therein. * * *

"A doctrine which permits a decedent's estate to be so charged, should, however, in our opinion, be applied with caution and its operation limited to those cases in which the services performed have not only been distinctly beneficial to the estate, but became necessary either by reason of laches, negligence or fraud of the legal representative of the estate."

See also *Merkel v Long,* 372 Mich 144; 125 NW2d 284 (1963), and *Merkel v Long (On Rehearing),* 375 Mich 214; 134 NW2d 179 (1965). Because *Becht v Miller* involved the administrator of a decedent's estate, whose duties are ordinarily confined to matters involving property, while pursuant to MCL 700.431; MSA 27.5431 the guardian of a minor exercises the powers and responsibilities of a parent, in a case involving a guardian of a minor, the rule stated in *Becht v Miller* may be expanded to include services which became necessary for reasons other than the laches, negligence, or fraud of the guardian. However, the rule must still be applied with caution.

We have found no authority authorizing payment of the attorney fees of the losing party, whether a fiduciary or an individual not acting as

a fiduciary, or authorizing payment of the attorney fees of both sides. Here the probate court found that both sides performed a benefit to the estate because both sides were motivated by concern for the best interests of the child and raised arguably meritorious issues in good faith. We cannot agree. Litigation may sometimes be necessary to achieve a benefit to an estate, but litigation is not in itself beneficial. The probate court's result encourages the parties to litigate rather than settle their disputes, with a consequent increase in cost to the estate.

On remand, the probate court shall determine in accordance with the foregoing what attorney fees, if any, the estate of Marcus shall be required to pay.

Reversed and remanded for further proceedings consistent with this opinion. We retain no jurisdiction.