This case involves the question of whether or not certain attorneys' fees and expenses incurred by Louis G. Palmer were properly chargeable against the estate of J. Hazel Gilmore Davis, deceased.
Said J. Hazel Gilmore Davis died September 23, 1932, leaving a will in which she made specific bequests to her sister, Lyda Palmer Ridge, her brother, Louis G. Palmer, and other named legatees. The will designated her husband as executor, but he declined to act, and on December 5, 1932, said Louis G. Palmer was appointed administrator with will annexed by the probate court for Wayne county. The principal assets in the estate were several parcels of real estate, which were subject to mortgages or delinquent taxes. Among the assets was the property located at 18-22 1/2 Washington street in the city of Ypsilanti, Washtenaw county. It was subject to a mortgage to the Detroit Trust Company, on which there was a balance due of $9,233.30. This mortgage together with other mortgages, had been pledged by the trust company as security for an issue of its series "S" participation certificates.
At the time of his appointment as administrator of the Davis estate, Palmer was acting as trustee under an inter vivos trust created by his wife for the benefit of herself and their son, John Palmer. The Davis estate was apparently without funds to pay the mortgage on the Ypsilanti property. Acting through one Herbert Cole, Palmer, as trustee of his wife's trust, purchased the mortgage on this *Page 260 
property from the Detroit Trust Company. He paid the trust company the balance due of $9,233.30 by surrendering certain of its series "S" participation certificates which he, as trustee and with trust funds, had acquired at a cost of $6,270. The gain or profit on this transaction was $2,963.30, the difference between the balance due on the mortgage and the cost of the participation certificates. On October 5, 1934, the trust company assigned the mortgage to Cole, and on October 6th Cole assigned it to Palmer, as trustee.
Prior to the time he purchased the mortgage, Palmer, as administrator, filed petition in probate court for authority to sell the Ypsilanti property at private sale. An order was entered August 22, 1934, authorizing him to sell it for $1,500, which represented the appraised value over and above the mortgage indebtedness. On October 18, 1934, he filed a report stating that he had sold the property to one Minnie Gardner for $1,500, and an order was entered confirming the sale. The record shows that Palmer, as trustee, had loaned Minnie Gardner the $1,500 with which to make the purchase. As trustee, he also loaned her further sums of money with which to repair and improve the store buildings on the property. Minnie Gardner held title for about nine months and then conveyed the property to Palmer, as trustee. He has since continued to hold title to the property and has improved it and collected the rents. In the latter part of 1935 Palmer, as administrator, filed a report in probate court covering the period from August 11, 1934, to November 1, 1935. In this report he showed the receipt of $1,500 from the sale of the Ypsilanti property, but he did not show the above-mentioned profit of $2,963.30 realized by him, as trustee, in purchasing the mortgage from the trust company. *Page 261 
Several years later, in July, 1939, Palmer's sister, Lyda Palmer Ridge, and certain other beneficiaries under the Davis will, filed bill of complaint in the circuit court for Washtenaw county against Palmer, individually and as trustee for his wife and son, and as administrator of the Davis estate. They alleged that by acquiring title to the Ypsilanti property as trustee, Palmer had perpetrated a fraud upon the Davis estate. They asked for an accounting and that Palmer be required to transfer the property to the estate. He answered, denying the charge of fraud and alleging in substance that his acquisition of the property as trustee was regular and proper. He denied that plaintiffs were entitled to any relief. The case was tried, and the court's opinion determined that Palmer was not guilty of the fraud charged, but that he, as trustee, was liable to the Davis estate for the above-mentioned profit of $2,963.30. A decree was entered which provided in part:
"1. That Louis G. Palmer, as trustee for Grace S. Palmer and John C. Palmer, is liable and indebted to the estate of J. Hazel Gilmore Davis, deceased, in the sum of $2,963.30, without interest.
"2. That any and all transactions of Louis G. Palmer, as administrator of the estate of J. Hazel Gilmore Davis, deceased, or as trustee for Grace S. Palmer and John C. Palmer, or individually, with reference to (the Ypsilanti) property * * * were in each instance entered into in good faith, and were not had or made in fraud of the rights of plaintiffs to this action or in fraud of the estate of J. Hazel Gilmore Davis, deceased.
"3. That the sale of the property above described by Louis G. Palmer, as administrator * * * to Minnie Gardner, * * * and the subsequent repurchase by Louis G. Palmer, as trustee for Grace S. Palmer and John C. Palmer, was in good *Page 262 
faith and for a valuable consideration and was not had or made in fraud of the rights of plaintiffs to this action."
No appeal was taken from the above decree, and it stands as a final adjudication of the rights of the parties to the Ypsilanti property. The record indicates that in pursuance of the decree, Palmer paid to himself, as administrator of the Davis estate, the sum of $2,963.30.
We now come to the principal matter in controversy in the present case. At the time Lyda Palmer Ridge and other beneficiaries began the suit in Washtenaw county, Palmer employed Detroit and Ann Arbor attorneys, who represented him throughout that litigation. He did not at that time petition for or obtain authority from the probate court to employ said attorneys. The case was tried in October, 1940, and the above-mentioned decree was entered in July, 1941. After the trial, but prior to the entry of decree, Palmer, as administrator, petitioned the probate court for authority to employ the Detroit and Ann Arbor attorneys to represent him in the Washtenaw county litigation. In January, 1941, an order was entered authorizing him to employ said attorneys and further providing that their employment "is hereby confirmed." After the conclusion of the suit, the attorneys rendered Palmer bills for their expenses and services in the aggregate amount of $2,972.95. He paid these bills and reported the payment in his "supplemental amended final account" as administrator filed March 18, 1943. Lyda Palmer Ridge and other beneficiaries under the Davis will filed objections to the allowance of Palmer's final account, on the ground that the attorneys' fees and expenses incurred by him in connection with the Washtenaw county suit were not properly chargeable against *Page 263 
the Davis estate. In March, 1943, an order was entered in probate court allowing the final account and the above-mentioned attorney fees. Lyda Palmer Ridge and other beneficiaries appealed to the circuit court for Wayne county. In his opinion reversing the probate court and disallowing the attorneys' fees and expenses, the circuit judge stated in part:
"It appears that on December 7, 1935, the administrator (Palmer) filed an account in the probate court in which he sets forth as a receipt the $1,500 obtained from the sale of said property to Minnie Gardner. Other accounts were filed from time to time, but no accounting or mention was made of the sum of $2,963.30 until after the decision in the Washtenaw county circuit court.
"It appears that neither the probate court nor the heirs were ever informed by the administrator that he as trustee for his wife and stepson had acquired the mortgage from the Detroit Trust Company at a discount of $2,963.30.
"When the heirs discovered this transaction the suit in the Washtenaw county circuit court was instituted. Up to the time of the trial and during the trial the administrator never offered to account for the said sum of $2,963.30, in fact, in his answer he denied that Herbert S. Cole was acting as his agent in this matter.
"Counsel for the administrator insists that this court must accept the findings of the Washtenaw county circuit court that the administrator was acting in good faith and was not guilty in any way of any fraud upon the rights of the heirs of the estate of J. Hazel Gilmore Davis, deceased, but I must also accept the findings of the court that the administrator (Palmer) was liable to the (Davis) estate in the sum of $2,963.30. * * *
"Under the record presented in this case this court is asked to decide whether or not attorney *Page 264 
fees incurred in defending an administrator against a claim that he owes money to an estate, which he denies, is a proper charge against the estate, the court having found that he owes the money.
"While it is true that the court found the administrator was blameless of all the other charges alleged in the bill of complaint, still I am of the opinion that having found him liable on one of them his attorney fees are not a proper charge against the estate of J. Hazel Gilmore Davis.
"To hold otherwise would be in effect to nullify the decree of the Washtenaw county circuit court. The heirs, being the real parties in interest, having obtained a decree against the administrator giving them $2,963.30, would be required to pay out to the administrator's attorneys $2,972.95."
Palmer appeals from a judgment disallowing the attorneys' fees and expenses in question. He argues that because fraud was alleged and relief sought against him only in his capacity as administrator, the expense he incurred in defending himself was properly chargeable against the Davis estate. Defendants contend that the attorneys' fees and expenses should not be charged against the estate, because the attorneys' services were not for the benefit of the estate. They argue that Palmer was sued in three capacities, as an individual, as trustee of his wife's trust, and as administrator of the Davis estate, and that the chancery decree directing him, as trustee, to pay the estate the sum of $2,963.30 established a violation of his duties as administrator.
The bill of complaint in effect charged Palmer, individually and as trustee, with perpetrating a fraud upon the estate, in violation of his duties as administrator. He employed the attorneys to defend him in the three capacities in which he was sued. Lyda Palmer Ridge and other beneficiaries *Page 265 
failed to establish their charge of fraud, but the chancery decree determined that Palmer, as trustee, was indebted to the Davis estate for the gain or profit of $2,963.30 realized through the purchase of the mortgage from the Detroit Trust Company.
The record is clear that Palmer, individually and as trustee, voluntarily involved himself in a complicated situation regarding the Ypsilanti property. He was under no obligation or duty, as an individual or as a trustee, to advance funds in connection with the purchase of the mortgage from the trust company. Although his intentions may have been good and for the benefit of the estate, yet he unnecessarily created a situation which justified the beneficiaries under the Davis will in questioning his motives and conduct as an individual, as trustee, and as administrator. If he had proceeded with his duties as administrator in the usual and proper manner and not involved himself as an individual and as trustee, the Washtenaw county litigation would not have arisen, and the attorneys' services would not have been necessary. He voluntarily went outside his duties as administrator and involved himself in a situation which resulted in litigation. We find no evidence indicating that he admitted or recognized his liability to the Davis estate for the profit on the mortgage transaction, prior to the entry of the chancery decree determining that he was liable for such profit.
Our examination of the record convinces us that the attorneys' fees in question were not incurred for the benefit of the Davis estate but were incurred by Palmer in defending himself in his three capacities against the charges of fraud and wrongdoing. Under the facts and circumstances shown, it would be impossible to allocate the attorneys' fees and expenses properly between Palmer, individually, as *Page 266 
trustee, and as administrator. The trial court properly determined that the attorneys' fees and expenses should not be charged against the Davis estate. Stover v. Wayne ProbateJudge, 219 Mich. 566; Sprague v. Moore, 136 Mich. 426. Other questions presented have been considered but do not require determination.
The judgment for defendants is affirmed. The case is remanded to the circuit court for subsequent remand to the probate court for further proceedings in the Davis estate. Defendants may recover the costs of this court.
NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. The late Justice WIEST took no part in the decision of this case.