*In re* SLOAN ESTATE

*In re* SLOAN TRUST

Docket Nos. 155576, 155577, 167450. Submitted February 23, 1995, at Lansing. Decided July 25, 1995, at 9:20 A.M.

Robert A. Sloan and Lyle F. Dahlberg on behalf of the National Bank of Detroit, as co-personal representatives of the estate of Hattie S. Sloan and co-trustees of the Hattie Sloan Revocable Trust, filed a petition in the Oakland County Probate Court, seeking fiduciary fees for the bank for the period January 19, 1989, through January 19, 1991, and attorney fees and costs for the period January 1, 1991, through May 30, 1991. Geraldine Sloan and Steven Sloan filed objections to certain of the fees and costs. Following a hearing, the probate court, Joan E. Young, J., disallowed attorney fees and costs, including expert witness fees, associated with services rendered in .conjunction with a prior attempt to recover fiduciary and attorney fees, holding that attorney fees and costs associated with services rendered in an attempt to recover attorney or fiduciary fees from an estate were not chargeable against the estate pursuant to § 543 of the Revised Probate Code, MCL 700.543; MSA 27.5543, because such services are for the sole benefit of the fiduciaries and attorneys and, therefore, are not performed in behalf of or for benefit of the estate. The petitioners appealed.

Sloan and Dahlberg filed a subsequent petition that sought, among other things, attorney fees and costs for the period June 1, 1991, to December 10, 1992. Again objections were filed, and again the probate court, Joan E. Young, J., disallowed attorney fees and costs associated with services rendered in order to establish and recover prior requests for fiduciary and attorney fees. The court also disallowed certain attorney fees on the basis that they were duplicative and unnecessary. The petitioners appealed. The appeals were consolidated.

The Court of Appeals *held:*

1. Section 543 provides that counsel is entitled to reasonable

REFERENCES

Am Jur 2d, Executors and Administrators § 457.

See ALR Index under Attorneys' Fees; Executors and Administrators.

compensation for legal services rendered to an estate where the services are necessary and provided in behalf of the estate. Even if it could be said that the fees for the legal services associated with the establishing and defending of the prior petition for attorney fees were necessary, the probate court was correct in holding that the petitioners failed to establish that those services were provided in behalf of the estate. The petitioners do not claim that the services rendered to establish and defend the request for fees resulted in a direct benefit to the estate; rather they argue that there is an indirect benefit in that in the absence of the allowance of such fees there would be little assurance that estates could retain competent counsel. Whatever the merits of the petitioners' argument, it is clear that such an indirect benefit is not the type of benefit to an estate contemplated by § 543. Accordingly, the court properly disallowed the attorney fees associated with the attempts to establish and defend the prior petitions for fiduciary and attorney fees.

2. The probate court did not rule as a matter of law that it is unreasonable to charge an estate for services rendered simultaneously by more than one attorney. Rather, the court held as a matter of fact that, in the particular circumstances involved, the presence of more than one attorney was unnecessary and, thus, certain fees associated with the use of two attorneys were unreasonable and duplicative. The court properly exercised its discretion in finding that the fees for the unneeded attorney were unnecessary and unreasonable.

Affirmed.

EXECUTORS AND ADMINISTRATORS — DECEDENTS' ESTATES — ATTORNEY FEES.

Attorney fees and costs incurred in the establishing and defending of a petition for attorney fees associated with the administration of an estate are not chargeable against the estate, because such additional attorney fees and costs do not benefit the estate (MCL 700.543; MSA 27.5543).

*Finkel, Whitefield & Selik, P.C.* (by *Robert J. Finkel* and *Russell S. Linden*), and *Deming, Hughey, Lewis, Allen & Chapman, P.C.* (by *John A. Scott*), for the petitioners.

*Rupp, Ehrlich, Foley, Serwer & Fish, P.C.* (by *Joseph H. Ehrlich*), for the respondents.

Before: HOLBROOK, JR., P.J., and JANSEN and O'CONNELL, JJ.

HOLBROOK, JR., P.J. In these consolidated cases, petitioners appeal as of right from two orders of the Oakland County Probate Court that denied in part their petition for attorney fees, costs, and expert witness fees. We affirm.

I

Hattie Silberstein Sloan died on December 31, 1988. Her last will and testament was admitted to the Oakland County Probate Court, naming her son, Robert Sloan, and the National Bank of Detroit (NBD) as co-executors of her estate. The will provided that the entire residue of her estate was to be distributed to the Hattie Sloan Revocable Trust, which named Robert Sloan and NBD as co-trustees. In the probate proceedings, the fiduciaries were represented by the law firm of Finkel, Whitefield & Selik, P.C.

Respondents Geraldine Sloan and Steven Sloan, previously had petitioned the probate court for supervision of the estate and trust, removal of Robert Sloan as fiduciary, and surcharge. It is undisputed that there had been a long history of animosity between Robert Sloan and Geraldine and Steven Sloan. Eventually, the probate court granted the claims for supervision of the estate and of the trust, but denied the claims for removal of fiduciary and for surcharge.

During the course of these proceedings, petitioners filed three petitions seeking attorney and fiduciary fees and costs; two of these petitions are the subject of this appeal. On July 9, 1991, petitioners filed a petition seeking, among other things, $40,268 to compensate NBD for its services as fidu-

ciary from January 19, 1989, through January 19, 1991, $23,111.25 to compensate the Finkel firm for legal services rendered from January 1, 1991, through May 30, 1991, $541.84 in costs, and $4,062.50 to compensate an expert witness who had been retained to testify regarding the reasonableness of the amount of fiduciary and attorney fees sought. Respondents objected to the petition, arguing that the fees were excessive and that a substantial portion of the services rendered were solely for the benefit of the fiduciaries and attorneys and therefore were neither performed in behalf of nor beneficial to the estate. Following a hearing, the probate court ruled that ordinary fee-related fees and costs were not compensable under MCL 700.543; MSA 27.5543 and disallowed $8,698.13 in attorney fees, $270.92 in costs, and $4,062.50 in expert witness fees.

On December 22, 1992, petitioners filed another petition seeking, among other things, $56,527.50 in attorney fees and $3,827.86 in costs for the period from June 1, 1991, to December 10, 1992. Respondents filed numerous objections to the petition. Following a hearing, the probate court disallowed $2,838.25 in fees for services rendered by the Finkel firm to establish NBD's fiduciary fees, $483.75 in attorney fees, and $137.38 in costs related to the "fees for fees" claim. The court also disallowed $5,500 in attorney fees, finding the fees to be unreasonably redundant and unnecessary.

Petitioners appeal as of right from these two orders, and we affirm.

II

The gravamen of this appeal requires us to consider an issue of first impression in this state: Does MCL 700.543; MSA 27.5543 allow for pay-

ment from an estate of attorney fees and costs incurred in establishing and defending a petition for attorney fees? We conclude that it does not.

Michigan adheres to the "American rule" that attorney fees are not recoverable unless expressly authorized by statute or court rule. *Matras v Amoco Oil Co,* 424 Mich 675, 695; 385 NW2d 586 (1986); *Bonner v Chicago Title Ins Co,* 194 Mich App 462, 468; 487 NW2d 807 (1992); *State Farm Mutual Automobile Ins Co v Allen,* 50 Mich App 71, 74; 212 NW2d 821 (1973). The general rationale of the rule is to ensure that private parties who pursue individual legal and equitable remedies bear the expenses of litigation in most instances. *Berkley v Holmes,* 34 Mich App 417, 427-428; 191 NW2d 561 (1971).

Section 543 of the Revised Probate Code, MCL 700.543; MSA 27.5543, provides for the employment of counsel by a fiduciary of an estate:

> Without obtaining a court order, a fiduciary of an estate may employ counsel to perform necessary legal services in behalf of the estate and the counsel shall receive reasonable compensation for the legal services.

During the relevant time period in this matter, MCR 8.303 provided as follows:

> An attorney is entitled to receive reasonable compensation for services rendered to an estate, in an amount approved by the judge having jurisdiction over the estate.

Pursuant to § 543, counsel is entitled to reasonable compensation for legal services rendered to an estate where the services were "necessary" and provided "in behalf of the estate." Even were we to assume that the Finkel firm's fee-related ser-

vices were "necessary" in the face of the documentation requirements of MCR 8.303 and respondents' objections to the firm's original fee petition, we agree with the probate court that petitioners have failed to establish that these services were provided in behalf of the estate.

The appellate courts of this state have consistently held that legal services rendered in behalf of an estate are compensable where the services confer a benefit on the estate by either increasing or preserving the estate's assets. See *In re Baldwin's Estate*, 311 Mich 288, 314; 18 NW2d 827 (1945); *In re Prichard Estate*, 164 Mich App 82, 86; 416 NW2d 331 (1987); *In re Humphrey Estate*, 141 Mich App 412, 439, 441; 367 NW2d 873 (1985); *In re Valentino Estate*, 128 Mich App 87, 94-95; 339 NW2d 698 (1983); *In re Brack Estate*, 121 Mich App 585, 591; 329 NW2d 432 (1982).[1] Notably, the requirement of an accrued benefit was retained after enactment of § 543 in 1979.

Petitioners have not claimed that the legal services rendered in the furtherance of the prior petitions for fees resulted in a direct benefit to the estate. Instead, petitioners assert that their legal services resulted in an indirect benefit to the estate because, as a policy matter, a contrary rule would jeopardize the ability of estates to retain competent counsel if there were no assurance that counsel would receive adequate compensation where litigious beneficiaries raise unjustified objections to their fee claims. Without rejecting the validity of this argument, we find that petitioners have failed in this case to establish that the Finkel firm's fee-related services were beneficial to the estate, as that term has been construed by the

[1] Because the "benefit" test is the prevailing rule of law in this state, we are unpersuaded by appellants' attempt to distinguish the cited cases on their facts.

appellate courts of this state. "Fees for fees" claims are brought in behalf of the attorney seeking the fees and clearly do not benefit the estate because they do not increase or preserve the estate's assets. As the probate court correctly noted, the ordinary fees and costs incurred in establishing and defending a fee petition are inherent in the normal course of doing business as an attorney, and the estate may not be diminished to pay those fees and costs.[2] Cf. *In re Davis's Estate,* 312 Mich 258, 265-266; 20 NW2d 181 (1945); *Valentino Estate, supra* at 95.

While recognizing that each state's pertinent statutory scheme is different, we note that courts in other states that have addressed this issue have rejected "fees for fees" claims. See, e.g., *In re Estate of Larson,* 103 Wash 2d 517, 532-533; 694 P2d 1051 (1985); *In re Estate of Halas,* 159 Ill App 3d 818, 833; 512 NE2d 1276 (1987); *In re Estate of Painter,* 628 P2d 124 (Colo App, 1980). On the other hand, at least one jurisdiction has permitted such claims, adopting the policy argument that precluding "fees for fees" claims may have a deleterious effect on the ability of an estate to retain qualified and competent counsel in the absence of assurance that counsel will receive adequate compensation. *Estate of Trynin,* 49 Cal 3d 868; 782 P2d 232 (1989). Although we accept that this argument may have validity, we find the converse position to have coextensive validity: routine allowance of such claims might inhibit a beneficiary or other interested person from raising valid objections to fee petitions out of concern that the estate's assets will be diminished.

---

[2] Nonetheless, where *extraordinary* fees and costs are incurred because of an opposing party's fraud, unjustified objections raised in bad faith, or other extraordinary circumstance, the probate court is authorized to impose appropriate sanctions via various fee-shifting mechanisms. See, e.g., MCR 5.114; MCR 2.114(B)-(F).

We conclude that, in accordance with longstanding precedent in this state, § 543 of the Revised Probate Code does not include compensation for the ordinary fees and costs arising out of the need to establish and defend a petition for attorney fees. Accordingly, we affirm the probate court's decision.

III

In Docket No. 167450, petitioners contend that the probate court erroneously ruled as a matter of law that it was, per se, unreasonable to charge an estate for the attorney fees of more than one attorney working simultaneously on a case. Having reviewed the record, we conclude that petitioners have misconstrued the probate court's ruling.

In its April 30, 1991, opinion and order, the probate court noted that the sole issue before it was "the reasonableness of the attorney fees set forth in the instant petitions." The respondents had challenged the attorney fee petition on two grounds: (1) that the presence of two attorneys from the Finkel firm during the hearing was unnecessary and (2) that the attorneys' preparation time for the hearing was in large measure redundant. Following a hearing, the probate court disallowed approximately nineteen percent of the requested amount, on the basis that a portion of the work done by the attorneys was redundant and unnecessary, and therefore unreasonable.

In estate matters, the probate court must review a petition for attorney fees for reasonableness with an eye toward preservation of the estate's assets for the beneficiaries. *In re Krueger Estate,* 176 Mich App 241; 438 NW2d 898 (1989). After reviewing the entire record and the probate court's opinions and orders of April 30, 1991, and July 29, 1993, we conclude that the court considered the

relevant factors for determining whether the fees for petitioners' attorneys were reasonable. The court properly exercised its discretion in finding that a portion of the fees being requested was unnecessary or for a duplication of effort. Accord *Pritchard Estate, supra* at 89. The court did not rule as a matter of law that such duplication was, per se, unreasonable.

Affirmed.