# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* AWAD Estate.

---

CATHOLIC FAMILY SERVICE OF DIOCESE
OF SAGINAW, Personal Representative of the
Estate of EMIL ELIAS AWAD,

Appellee,

v

MARIE AWAD,

Appellant.

UNPUBLISHED
December 17, 2015

No. 323163
Bay Circuit Court
LC No. 13-049159-CZ

---

Before: GADOLA, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Appellant Marie Awad (Awad) appeals as of right the probate court's order reducing a previous award of appellate attorney fees and awarding additional attorney fees to Catholic Family Services (CFS), the personal representative of the estate of Awad's father. We affirm.

## I. PROCEDURAL HISTORY

This is the third appeal that Awad has filed in this Court. See *In re Awad Estate*, unpublished opinion of the Court of Appeals, issued January 12, 2012 (Docket No. 300891) (*Awad I*), and *In re Awad Estate*, unpublished opinion of the Court of Appeals, issued April 25, 2013 (Docket No. 310660) (*Awad II*). In *Awad II*, unpub op at 4, this Court held that CFS was permitted to collect its attorney fees and costs from Awad's nonprobate transfers because her actions caused the estate's insolvency. However, the Court remanded the case to the probate court for reassessment of the attorney fees chargeable to the estate because the probate court erroneously awarded CFS attorney fees associated with its defense of attorney fees, contrary to *In re Sloan Estate*, 212 Mich App 357, 364; 538 NW2d 47 (1995) (holding that fees-for-fees claims are not chargeable to an estate). *Awad II*, unpub op at 3.

On remand, CFS filed a civil action against Awad, requesting a judgment for the amount she owed the estate out of her nonprobate transfers. Awad filed a motion for summary disposition under MCR 2.116(C)(8) and CFS filed a motion for summary disposition under

-1-

MCR 2.116(C)(9) and (10). At a hearing on the motions, the probate court explained that the ultimate issue was the amount of attorney fees awardable to CFS under this Court's holding in *Awad II*. The court directed the parties to submit their briefs from *Awad I*, and instructed CFS's attorney to review his documents to determine what amount he billed for defending the original attorney fee award. Thereafter, CFS filed a reconstruction of work performed on the fees-for-fees issue in the civil case and filed a petition in the estate case, presenting substantially the same arguments. Awad then filed a motion for summary disposition under MCR 2.116(C)(10) in the civil case.

In July 2014, the probate court held a hearing to resolve the issues in both cases. The probate court reduced the original attorney fees charged to Awad by $3,332, and granted CFS's request to charge Awad $36,614.25 for the second appeal and $6,843.69 for costs and attorney fees incurred in the civil case. The probate court then granted CFS's motion for summary disposition in the civil case and awarded $11,657 against Awad for attorney fees relating to the first appeal, which reflected the $3,332 reduction.

## II. SUMMARY DISPOSITION

Awad first argues that the probate court erred by denying her motions for summary disposition under MCR 2.116(C)(8) and (10). We review a trial court's decision on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint" and "[a]ll well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Id*. In reviewing the motion, courts consider the pleadings to determine whether the opposing party failed to state a claim upon which relief may be granted. *Id*. at 119-120. "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Id*. at 120. Courts consider any "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion" to determine whether the evidence establishes a genuine issue of material fact. *Id*.

Awad argues that the trial court erred by denying her motion for summary disposition under MCR 2.116(C)(8) because there were no proceedings in the estate case after *Awad II* to determine the amount of attorney fees owed by Awad. CFS argues that it filed the civil action because Awad failed to pay *any* part of the attorney fees that remained chargeable after *Awad II*. As the requesting party, CFS had the burden to prove the reasonableness of the requested fees. *Smith v Khouri*, 481 Mich 519, 528-529; 751 NW2d 472 (2008) (opinion by TAYLOR, C.J.). Therefore, CFS was responsible to provide the evidence necessary in the estate case for the probate court to reassess what fees were properly chargeable to the estate.

CFS provided evidence in both the civil case and the estate case regarding the time CFS spent defending its attorney fees in the first appeal. After considering this evidence, the probate court ordered Awad to pay the estate a reduced amount of $11,657 for attorney fees. Awad argues that the civil case should have been dismissed because it was a collections case and damages were not ascertainable at the time CFS filed its complaint, but she offers no citation to authority to support this position. *Houghton v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003) (stating that an appellant may not "give issues cursory treatment with little or no citation of supporting authority"). Further, even if it would have been prudent to resolve the attorney fee

-2-

issue under the estate case alone, this would not change the fact that Awad was liable to the estate for $11,657 in attorney fees. Accordingly, we will not disturb the probate court's ruling on this basis. *Draws v Levin*, 332 Mich 447, 454; 52 NW2d 180 (1952) (stating that a correct result reached for a wrong reason will not be disturbed on appeal).

Awad asserts that the probate court improperly denied her motion for summary disposition under MCR 2.116(C)(10) because CFS's attorney allegedly admitted that CFS had no evidence to support which attorney fees were barred under *Awad II* versus which were properly chargeable against the estate, and "[a] mere claim cannot stand in the place of evidence and operate as proof." *Mich Aero Club v Shelley*, 283 Mich 401, 410; 278 NW 121 (1938). Awad misrepresents the statement made by CFS's attorney. At the hearing on the parties' motions for summary disposition, CFS's attorney stated the following:

> I don't have records that tell us about that as far as which hours were spent dealing with which issues. What we do have is we have the end product, which is my brief, which shows how much of that brief was devoted to . . . the issues having to do with the appellant's fees for fees argument, and I think that we can probably arrive at . . . a . . . pretty close amount by counting words or pages and to see what we got.

Although CFS's attorney stated that he did not have an itemized bill for each issue addressed, he presented his work product from the first and second appeals, which the probate court used to determine the relative amounts of time spent on the defense of attorney fees. Therefore, CFS's attorney did not concede that he had no evidence supporting his properly charged fees, and the probate court did not err by denying Awad's motion for summary disposition on this basis.

### III. ATTORNEY FEES

Awad next challenges the probate court's method for assessing reasonable attorney fees. We review a court's ruling regarding attorney fees for an abuse of discretion and its findings of fact for clear error. *Edge v Edge*, 299 Mich App 121, 127; 829 NW2d 276 (2012). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Id.* (quotation marks and citation omitted).

Under MCR 5.313(A), "[a]n attorney is entitled to receive reasonable compensation for legal services rendered on behalf of a personal representative, and to reimbursement for costs incurred in rendering those services." A probate court should consider the factors listed in MRPC 1.5(a) to determine whether attorney fees are reasonable. *Augustine v Allstate Ins Co*, 292 Mich App 408, 436; 807 NW2d 77 (2011). Courts should meaningfully apply the factors, set forth any substantive analysis on the record, and consider the interplay between the factors and the client, the case, and the larger legal community. *Id.* MCR 5.313(C) provides that an attorney who represents a personal representative must maintain records that reflect "[1] the identity of the person performing the services, [2] the date the services are performed, [3] the amount of time expended in performing the services, and [4] a brief description of the services."

Awad argues that the probate court improperly calculated the attorney fees relating to the first appeal and *Awad II*'s holding, and improperly awarded CFS attorney fees for the second

appeal and the civil case. Regarding the reasonableness of the attorney fees relating to the first appeal, the probate court previously set forth a detailed analysis of the factors under MRPC 1.5(a), concluding that $14,989 was a reasonable fee. Except for the directive to reduce that award to account for the time CFS spent defending its award of attorney fees, *Awad II* did not alter the probate court's award.

Awad argues that the probate court relied on an improper methodology to reduce the attorney fees awarded. Specifically, Awad argues that using a word-count method to determine the relative time spent on the fees-for-fees issue was inherently unreliable. Awad's argument is irrelevant, however, because the probate court stated that it did not use that figure to determine the reduced fee. CFS presented itemized billings for the first and second appeals that included a date, a description of work performed, the hours spent working on a task, and the amount of time attributable to its defense of attorney fees. CFS's attorney provided the probate court with relevant pleadings and briefs, which were color-coded to aid the court's review of the portion of every document that was devoted to the defense of attorney fees. The probate court noted that mathematical calculations could not be perfect and considered that CFS's appellate brief spent one-third of the argument on fee-related issues. The court then determined that the total cost of that portion of the brief was $5,000, and that 2/3 of that portion of the brief was spent defending attorney fees. Accordingly, the probate court reduced the initial attorney fee award by 2/3 of $5,000 ($3,332).

Awad asserts that CFS's attorney should have recorded an issue-by-issue log. However, MCR 5.313(C) only requires "a brief description of the services." Awad has not offered any alternative, below or on appeal, regarding how the probate court could have more appropriately complied with this Court's directive in *Awad II*. Therefore, the probate court's calculation of the reduced attorney fees was not outside the range of reasonable principled outcomes.

Awad also challenges the probate court's award of $36,614.25 to CFS relating to the second appeal. In deciding the amount awarded, the probate court explained that the hourly rate charged by CFS's attorney was well-within or even below the average for the region. CFS provided a detailed itemization for the fees relating to the second appeal and for the continued administration of the estate. The probate court stated that it reviewed the billings, pleadings, and briefs offered by CFS. The documentation revealed that CFS's attorney did not ask for fees relating to the defense of attorney fees, and did not charge for his time preparing the materials for the court's review. Awad does not argue that the hourly rates were excessive, or that the attorney's hourly billings were erroneous. Aside from arguing that CFS's attorney allegedly conceded that he had no evidence to support the fees, Awad does not otherwise take issue with the claimed fees. Therefore, Awad has not demonstrated that the probate court abused its discretion by awarding attorney fees relating to the second appeal.

Awad argues that the probate court abused its discretion by awarding CFS $6,843.69 in attorney fees for the separate civil case. On this matter, Awad again does not question the reasonableness of the fees, but rather argues that the award violated the fees-for-fees doctrine because the attorney fee issue was the central dispute in the civil action. CFS responds that Awad's litigation has rendered the estate insolvent and unable to pay its creditors, and the civil action was an attempt to recover the estate's assets by collecting Awad's nonprobate transfers, as ordered by the probate court and affirmed in *Awad II*. MCL 700.3805 provides the following:

-4-

If the personal representative is aware of other nonprobate transfers that may be liable for claims and allowances . . . *the personal representative shall proceed to collect the deficiency in a manner reasonable under the circumstances* so that each nonprobate transfer . . . bears a proportionate share or equitable share of the total burden. [Emphasis added.]

Contrary to Awad's assertions on appeal, she owed the estate some portion of her nonprobate transfers pursuant to *Awad II*'s holding because not all of CFS's claimed fees related to its defense of attorney fees in the first appeal. Accordingly, CFS's civil action could reasonably constitute an attempt to collect the deficiency from Awad under MCL 700.3805. Therefore, CFS's attorney fees incurred in the civil action were not barred by the fees-for-fees doctrine because the fees were not "brought in behalf of the attorney seeking the fees," which "clearly do not benefit the estate because they do not increase or preserve the estate's assets." *In re Sloan Estate*, 212 Mich App at 363.

## IV. DISCOVERY

Finally, Awad argues that the probate court violated MCR 2.302(B) by preventing further discovery on the attorney fee issue. "It is well settled that Michigan follows an open, broad discovery policy that permits liberal discovery of any matter, not privileged, that is relevant to the subject matter involved in the pending case." *Reed Dairy Farm v Consumers Power Co*, 227 Mich App 614, 616; 576 NW2d 709 (1998). However, Michigan's commitment to broad discovery does not encompass fishing expeditions. *Augustine*, 292 Mich App at 419.

The probate court denied Awad's request to perform "extensive discovery," such as taking a deposition of CFS's attorney and copying CFS's and its attorney's files, because it concluded that the parties had already expended considerable time and effort to settle the estate and further discovery would not be cost effective. However, the probate court did order CFS to submit additional documentation regarding the reasonableness of the fees, and ordered CFS to provide this information to Awad. Awad argues that the documentation was inadequate to support the attorney fees awarded, but she does not suggest that the billings or pleadings were inaccurate. Instead, Awad reiterates that CFS's attorney allegedly conceded that he had no evidence to support his fees. Considering the circumstances above, Awad's discovery requests were based on conjecture and allowing further discovery would have amounted to an impermissible fishing expedition. *Augustine*, 292 Mich App at 419. Therefore, the probate court did not abuse its discretion by preventing further discovery.

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood

-5-