# STATE OF MICHIGAN

# COURT OF APPEALS

In re Estate of MARIAN I. CARY.

---

PHILIP A. CARY, Personal Representative of the
ESTATE OF MARIAN I. CARY,

UNPUBLISHED
June 1, 2017

      Appellee,

v

No. 331287
Branch Probate Court
LC No. 14-033893-DE

DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

      Appellant.

---

Before: O'BRIEN, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

The Department of Health and Human Services (DHHS) appeals as of right the order of the Branch Probate Court settling decedent, Marian I. Cary's, estate. We affirm.

On appeal, the DHHS argues that Philip Cary, the personal representative of the estate, did not provide sufficient evidence for the probate court to determine whether the attorney fees, personal representative fees, and administrative fees charged to the estate were reasonable. We disagree.

An issue is preserved for appeal when it is raised in and decided by the trial court. *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). In its objection, the DHHS argued that the personal representative failed to demonstrate that the attorney fees were reasonable. The probate court concluded that the attorney fees were reasonable. Therefore, this issue is preserved. *Id*. However, a review of the lower court record indicates that the DHHS did not properly raise an objection to the personal representative's fee or the estate's other administrative fees and that the probate court approved those fees as submitted due to the absence of a proper objection. Therefore, the DHHS's challenges to the personal representative fee and other administrative fees are unpreserved and this Court "need not consider" them. *Milligan v Milligan*, 197 Mich App 665, 671; 496 NW2d 394 (1992).

With respect to an award of attorney fees, a trial court's "underlying findings of fact" are reviewed "for clear error." *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265

-1-

(2008). However, as to the trial court's decision whether to award attorney fees and the reasonableness of the attorney fees, this Court reviews those issues for an abuse of discretion. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). "The court does not abuse its discretion when its decision is within the range of reasonable and principled outcomes." *In re Temple Marital Trust*, 278 Mich App at 128.

MCL 700.3715(x) states that "a personal representative, acting reasonably for the benefit of interested persons, may . . . [p]rosecute or defend a claim or proceeding in any jurisdiction for the protection of the estate and of the personal representative in the performance of the personal representative's duties." Furthermore, the personal representative may "[e]mploy an attorney to perform necessary legal services or to advise or assist the personal representative in the performance of the personal representative's administrative duties . . . ." MCL 700.3715(w). "If a personal representative or person nominated as personal representative defends or prosecutes a proceeding in good faith, whether successful or not, the personal representative is entitled to receive from the estate necessary expenses and disbursements including reasonable attorney fees incurred." MCL 700.3720.

According to MCR 5.313(A), "[a]n attorney is entitled to receive reasonable compensation for legal services rendered on behalf of a personal representative, and to reimbursement for costs incurred in rendering those services. In determining the reasonableness of fees, the court must consider the factors listed in MRPC 1.5(a)." MRPC 1.5(a) lists the following factors that a court should consider when determining whether attorney fees are reasonable:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent.

"[T]he burden of proving the reasonableness of the requested fees rests with the party requesting them. *Smith*, 481 Mich at 528-529.

In *Smith*, the Michigan Supreme Court articulated an approach to determine whether an attorney fee was reasonable that requires a court to determine a baseline reasonable fee and then

-2-

multiply that amount by a reasonable number of hours required for the case. *Id*. at 530-531. Although *Smith* considered an attorney fee award in the context of case evaluation sanctions, the Michigan Supreme Court stated that "[t]he operative language triggering the *Smith* analysis is the Legislature's instruction that an attorney is entitled to a *reasonable fee*." *Pirgu v United Services Auto Ass'n*, 499 Mich 269, 279; 884 NW2d 257 (2016) (emphasis in original). Because MCR 5.313(A) states that a personal representative's attorney "is entitled to receive reasonable compensation[,]" the *Smith* framework applies. See e.g., *Id*. ("Because the plain language of [MCL 500.3148(1)] speaks in terms of awarding a 'reasonable fee,' [this Court concludes] that the *Smith* framework governing reasonable fee determinations is equally applicable in this context.").

Here, the personal representative provided sufficient evidence to support its contention that its attorney fees were reasonable. The personal representative submitted detailed billing records showing each attorney's hourly rate, the work the attorney performed, and the time the attorney spent on each task. *Smith*, 481 Mich at 532 (stating that a "fee applicant must submit detailed billing records, which the court must examine and opposing parties may contest for reasonableness"). See also MCR 5.313(C) and (F) (providing that "the personal representative must append to an accounting, petition, or motion in which compensation is claimed a statement containing… [the following details]: the identity of the person performing the services, the date the services are performed, the amount of time expended in performing the services, and a brief description of the services"). In addition, the personal representative provided evidence showing how his attorneys' rates compared to other attorneys in the state. He provided the 2014 Economics of Law Practice survey from the Michigan State Bar and the curriculum vitae for all three attorneys, which described each attorney's experience and qualifications. *Smith*, 481 Mich at 531-532 (stating that "[t]he fees customarily charged in the locality for similar legal services can be established by testimony or empirical data found in surveys and other reliable reports"). Finally, the DHHS did not dispute that the attorneys' hourly rates were reasonable. The probate court agreed.

Furthermore, at the evidentiary hearing, the personal representative explained to the probate court why the time spent on the estate was reasonable. The personal representative explained that at the time that the DHHS filed its claim, estate recovery was new in Michigan. As a result, there were relatively few cases on the subject. In order to comply with MRPC 3.3, the personal representative had to remain updated on the law. Therefore, the personal representative followed similar cases around the state. In addition, the personal representative attempted to settle the claim with the DHHS. Finally, the personal representative noted that no work was billed to the estate while awaiting the *In re Keyes Estate*, 310 Mich App 266; 871 NW2d (2015) decision. Based on the detailed billing records and verbal explanation of the time spent on the estate at the evidentiary hearing, the personal representative provided sufficient evidence for the probate court to determine whether the attorney fees were reasonable. *Smith*, 481 Mich at 531-532.

Furthermore, there is evidence to support the probate court's finding that the personal representative acted in good faith by originally denying the DHHS's claim. In *In re Sloan Estate*, 212 Mich App 357, 362; 538 NW2d 47 (1995), this Court stated that "legal services rendered in behalf of an estate are compensable where the services confer a benefit on the estate by either increasing or preserving the estate's assets." However, MCL 700.3720 states that "[i]f

-3-

a personal representative or person nominated as personal representative defends or prosecutes a proceeding in good faith, whether successful or not, the personal representative is entitled to receive from the estate necessary expenses and disbursements including reasonable attorney fees incurred." There is support in the record that the personal representative acted in the best interests of the estate by disallowing the DHHS's claim in June 2014 based on the state of the law at the time. In addition, the work and research completed by the personal representative's attorneys to support his position benefited the estate because he was defending against such a large claim and the area of the law relating to estate recovery was unsettled. Furthermore, the personal representative allowed the DHHS's claim once *In re Keyes Estate* was decided and it was apparent that his position was no longer viable. Accordingly, the personal representative "was entitled to receive from the estate necessary expenses and disbursements including reasonable attorney fees incurred" for defending against the DHHS's claim. MCL 700.3720.

In addition, the DHHS argues that some of the personal representative's attorney fees are actually "fees for fees" and are not payable by the estate. The fees referenced by the DHHS would arise out of the need to establishment and/or defend a petition for attorney fees. *In re Sloan Estate*, 212 Mich App at 363. These fees "clearly do not benefit the estate because they do not increase or preserve the estate's assets" and are thus not compensable. *Id*. However, in this case, the petition for adjudication of the estate was filed on August 4, 2015. The DHHS's objection to the personal representative's attorney fees was filed on August 18, 2015. The probate court stated that no attorney fees were allowed outside of the estate's final accounting, which was also filed on August 4, 2015. Therefore, the estate was not charged for the personal representative's defense of the DHHS's objection to attorney fees and there are no "fees for fees" concerns in this case. *In re Sloan Estate*, 212 Mich App at 363. Accordingly, the personal representative provided sufficient evidence for the probate court to properly review the reasonableness of the attorney fees.

Next, the DHHS contends that the probate court abused its discretion by approving the personal representative's attorney fees without articulating its findings of fact in regard to each factor in MRPC 1.5(a) on the record. We disagree.

The approach articulated in *Smith* requires a court to first determine a reasonable base fee customarily charged in the locality for similar legal services, which is factor 3 under MRPC 1.5(a), and then to multiply that amount "by the reasonable number of hours expended in the case[,]" which is factor 1 under MRPC 1.5(a). *Smith*, 481 Mich at 530-531. The court should then "consider the remaining [MRPC 1.5(a)] factors to determine whether an up or down adjustment is appropriate." *Id*. at 531. "And, in order to aid appellate review, a [] court should briefly discuss its view of the remaining factors." *Id*.

Here, DHHS does not argue that the hourly rate was unreasonable. Instead, it contends that the time spent disallowing its claim and researching estate recovery law was unreasonable. However, the probate court found that the personal representative disallowed the DHHS claim in June 2014 in good faith based on the state of the law at the time.

Further, the probate court found that the hourly rate for each attorney was reasonable. In addition, the probate court stated that it had reviewed the billing records in detail, and it asked the personal representative several detailed questions regarding some of the billings, such as

whether different attorneys were billing for the same services. The probate court then found that the attorney fees were reasonable. Although the probate court did not specifically address all of the MRPC 1.5(a) factors, the purpose of making detailed factual findings on the record is "to aid appellate review." *Id*. Here, the probate court's factual findings relating to the remaining factors would not aid this Court in its review of the issue on appeal, which is whether the time spent on the DHHS claim was reasonable. As a result, we find that remand is unnecessary. Even if all of the MRPC 1.5(a) factors were not discussed, the probate court specifically addressed whether the time spent on DHHS's claim was reasonable (the specific issue raised by the DHHS). Therefore, the probate court's conclusion that the personal representative's attorney fees were reasonable did not fall "outside the range of reasonable and principled outcomes." *Id*. at 526. Accordingly, the probate court's approval of the personal representative's attorney fees was not an abuse of discretion. *Id*.

Affirmed.


/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens