# STATE OF MICHIGAN

# COURT OF APPEALS

BARBARA JEAN STEWART, formerly known as
BARBARA JEAN KINCAID,[1]

      Plaintiff-Appellant,

v

ESTEL LEROY KINCAID, JR.,

      Defendant-Appellee.

UNPUBLISHED
February 20, 2018

No. 335823
Oakland Circuit Court
LC No. 2011-781409-DO

Before: SAWYER, P.J., and MURRAY and STEPHENS, JJ.

PER CURIAM.

Plaintiff appeals as of right the opinion and order awarding her $1,507.50 in attorney fees in lieu of her requested amount of $6,956.25. On plaintiff's third appeal related to the trial court's award of attorney fees, she argues that the trial court abused its discretion when it deviated downward from her actual attorney fees and costs. We vacate the trial court's opinion and order and remand for further proceedings consistent with this opinion.

## I. ATTORNEY FEES AWARD

Plaintiff argues that she should be awarded all costs and fees that she incurred related to the enforcement of the consent judgment of divorce (hereinafter "JOD"), in addition to all fees and costs that were incurred during her multiple appeals. We agree that plaintiff should be awarded all reasonable attorney fees associated with defendant's failure to abide by the terms of the JOD, disagree that she is entitled to any additional costs, and disagree that she is automatically entitled to fees associated with her multiple appeals.

We review for "an abuse of discretion a trial court's award of attorney fees and costs." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. With respect to an award of attorney fees, a trial court's "underlying findings of fact" are reviewed "for clear error." *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265

---

[1] Plaintiff's last name changed from Kincaid to Stewart during the pendency of the multiple appeals.

(2008). "A divorce judgment 'entered upon the settlement of the parties . . . represents a contract, which, if unambiguous, is to be interpreted as a question of law.'" *Holmes v Holmes*, 281 Mich App 575, 587; 760 NW2d 300 (2008). Questions of law are reviewed de novo. *Id*.

"The primary goal in interpreting contracts is to determine and enforce the parties' intent." *Old Kent Bank v Sobczak*, 243 Mich App 57, 63; 620 NW2d 663 (2000). "To do so, this Court reads the agreement as a whole and attempts to apply the plain language of the contract itself." *Id*. "An unambiguous contract must be enforced according to its terms." *Reed v Reed*, 265 Mich App 131, 141; 693 NW2d 825 (2005) (quotation marks omitted). "However, when a contract is ambiguous, this Court may construe the agreement in an effort to find and enforce the parties' intent." *Old Kent Bank*, 243 Mich App at 63. "A contract is ambiguous only if its language is reasonably susceptible to more than one interpretation." *Cole v Ladbroke Racing Mich, Inc*, 241 Mich App 1, 13; 614 NW2d 169 (2000).

The JOD contained the following term, which is the basis for the trial court's original award of attorney fees:

> 52. In the event any of the terms contained in this agreement are not complied with by either party, and the other party must seek enforcement by the court, then the party not in compliance shall be liable for costs, sanctions and attorney fees.

As an initial matter, we note that this issue on appeal is primarily of contract interpretation. It appears that, for the third time, the trial court has determined that the fees are out of scope of the award, but then addresses that issue within its articulation of the reasonableness factors set forth in *Pirgu v United Services Auto Ass'n*, 499 Mich 269; 884 NW2d 257 (2016).

In *Pirgu*, our Supreme Court explained the two-step approach in determining the reasonableness of an attorney fees award. See *Pirgu*, 499 Mich at 281. The first step begins with establishing a baseline figure, which is computed by multiplying the reasonable hourly fee by the "reasonable number of hours expended in the case." *Id*. After determining the baseline figure, the trial court should only then apply the reasonableness factors. *Id*. Accordingly, a trial court should exclude fees that are outside the scope of the award when determining the baseline figure's "reasonable number of hours expended in the case," and not at the point where it addresses the reasonableness factors.

Originally, the trial court found that defendant had breached the JOD and that plaintiff should be awarded costs and fees associated with the breach. The trial court's April 23, 2013 opinion and order concluded, "[T]he court finds that Plaintiff is entitled to attorney fees pursuant to Paragraph 52 of the JOD. The fees incurred were the result of Plaintiff having to file *three motions* to enforce Defendant's obligations under the mortgage pursuant to the JOD." (Emphasis added.)

After the subsequent appeals, the trial court's November 3, 2016 order, which is at issue in this appeal, clarified that its intent with the original order was to award fees associated only with the original enforcement of the breach. Specifically, the trial court stated:

To the extent there is any confusion as to the limitations of the court's award, the court takes this opportunity to make clear the court's intent behind the attorney fee award. The court found Plaintiff entitled to recoup litigation fees directly related to fees she incurred for Defendant's unreasonable refusal to comply with the judgment of divorce as a sanction to defendant.

Additionally, when the trial court was addressing the *Pirgu* factors, the trial court stated:

Most significant to the court in the instant analysis is the court's limitation that it awarded Plaintiff, as a sanction to Defendant, her litigation costs in pursuit of and specifically related to her request to enforce the judgment of divorce. The bills supplied to the court show line item charges well outside the confines of the court's award, including, but not limited to, simultaneous litigation initiated by Defendant, which Plaintiff utilized [the same attorney] to defend. The court also finds Plaintiff's request for "fees for fees" completely outside of the court's award. See also *In re Sloan Estate*, 212 Mich App [357, 363-364; 538 NW2d 47 (1995).]

The opinion and order listed each hourly charge that plaintiff submitted for recovery. In summary, the trial court addressed the attorney invoice dates of (1) November 30, 2012, (2) December 31, 2012, (3) January 31, 2013, (4) February 28, 2013, (5) March 31, 2013, (6) April 30, 2013, (7) May 31, 2013, (8) July 23, 2013, and (9) August 31, 2013.

The November 30, 2012 invoice was disallowed in its entirety by the trial court. Specifically, it appears that the trial court found that the communications between plaintiff's attorney and the mortgage company, including document requests, and ministerial tasks related to those documents, were outside of the scope of its award. However, the trial court's determination that these charges were outside the scope of the JOD is outside the range of reasonable and principled outcomes, as plaintiff's counsel was merely preparing for the subsequent motions and hearing regarding defendant's breach, and those charges were "directly related to fees [plaintiff] incurred for Defendant's unreasonable refusal to comply with the judgment of divorce." Therefore, the November 30, 2012 invoice represents fees that are within the scope of the award for attorney fees.

The December 31, 2012 invoice had several entries disallowed by the trial court, with the only permitted fee being for the preparation and filing of the motion to enforce the JOD. However, each disallowed entry directly related to the mortgage that defendant had defaulted on, including communications with opposing counsel related to the matter; therefore, each entry was directly related to fees incurred by defendant's failure to comply with the JOD, and within the scope of plaintiff's award.

The January 31, 2013 invoice had several entries disallowed by the trial court. The January 3, 2013 entry was properly excluded, as it related to defendant's action against plaintiff. The trial court did not abuse its discretion when it disallowed the January 4, 2013 entry, as the entry combined related and nonrelated activities, and the trial court was unable to determine the correct apportionment of the fee. See *Smith*, 481 Mich at 528-529 (stating the "burden of proving the reasonableness of the requested fees rests with the party requesting them."). The remaining disallowed charges were related to the transcripts of the January 16, 2013 motion

hearing and other mortgage-related matters; therefore, they were directly related to enforcing the JOD and within the scope of plaintiff's award.

The February 28, 2013 invoice had several entries disallowed by the trial court. All fees associated with this invoice, except the February 28, 2013 entry, are within the scope of plaintiff's award, as they involved hearing preparation, including communications with opposing counsel and the mortgage company, as related to defendant's breach. The February 28, 2013 entry is excessive and unnecessary because it was plaintiff's attorney's scheduling conflict that required an adjournment in the proceedings. See *id*. at 532 (stating that a court should exclude "excessive, redundant or otherwise unnecessary" hours).

The March 31, 2013 invoice's entries were allowed in their entirety. The April 30, 2013 invoice, which had one entry, was allowed.

The May 31, 2013 invoice had all of its entries disallowed by the trial court. The trial court determined that the May 7, 2013 entry, which stated, "Receipt and review of letter from client itemizing issues she would like addressed prior to hearing," was "too vague for the court to ascertain whether the work performed is within the court's attorney fee award." However, according the trial court's register of actions, the next hearing scheduled after the May 7, 2013 entry was the July 25, 2013 evidentiary hearing related to the attorney fees; therefore, the entry was directly within scope of the trial court's award. The May 16, 2013 entry was denied by the trial court as it related to settlement discussions between the parties. This activity is still directly related to defendant's breach of the JOD, and therefore, within scope of the award. The remaining entries all related to the upcoming hearing, and therefore, were directly within the scope of the award. Therefore, the May 31, 2013 invoice, in its entirety, is within the scope of the award.

The July 31, 2013 invoice's entries were denied in their entirety. All entries were related to settlement discussions, hearing preparation, and attendance of the actual hearing. The trial court concluded that the work performed was outside the scope of the award and that the trial court was "not inclined to award attorney's fees for pursuit of attorney's fees." The work performed was directly related to defendant's breach. As will be discussed *infra*, to the extent that the trial court relied on *Sloan* to deny this "fees for fees" recovery, the trial court erred. Therefore, the entire July 31, 2013 invoice is within the scope of the award.

The August 31, 2013 invoice's entries were denied in their entirety. The August 2, 2013 entry was related to the July 25, 2013 hearing, and therefore, within the scope of the trial court's award. The August 20, 2013 entry related to the preparation of plaintiff's first appeal. As discussed below, the record does not outright support a determination that she is entitled to this fee. Therefore, only the August 2, 2013 entry should be awarded.

On appeal, plaintiff also argues that she is entitled to fees associated with her multiple appeals with this Court. However, the record is insufficient to determine whether attorney fees incurred after August 2, 2013, and which are related to the issue of attorney fees, are recoverable as a matter of contract. "A contractual provision for reasonable attorney fees in enforcing provisions of [a] contract may validly include allowance for services rendered upon appeal." *Talmer Bank & Trust v Parikh*, 304 Mich App 373, 403; 848 NW2d 408 (2014), vacated in part on other grounds 497 Mich 857 (2014). The express language of the JOD does not state, nor did

the trial court make findings of the parties' intent, as to whether the attorney fees provision applied to appellate work. Therefore, as it relates to the fees incurred during the pendency of the multiple appeals, the trial court must determine whether this was the intent of parties at the time of the agreement. If the trial court so finds, it also should determine the reasonable value of the services of plaintiff's counsel on appeal. See *id*.

Defendant and the trial court's contention that the holding in *Sloan* precludes plaintiff from recovering her fees incurred while pursuing legal services related to attorney fees recovery, also known as "fees for fees," is without merit. *Sloan* was specifically decided under the context of the probate code. *Sloan*, 212 Mich App at 361. Specifically, the *Sloan* Court acknowledged that "legal services rendered in *behalf of an estate* are compensable where the services confer a benefit on the estate by either increasing or preserving the estate's assets." *Id*. at 362 (emphasis added). The *Sloan* Court held that in "accordance with longstanding precedent in this state, § 543 of the Revised Probate Code does not include compensation for the ordinary fees and costs arising out of the need to establish and defend a petition for attorney fees." *Id*. at 364. As stated above, this case sounds in contract; accordingly, *Sloan* is factually distinguishable and not applicable to this matter.

As a final note, plaintiff requested $80.83 in expenses as well, but the trial court only awarded the $20 fee plaintiff paid to file her motion to enforce the JOD. The invoices show many entries for "Postage," but do not specify anything more specific. Therefore, to the extent that the trial court concluded that plaintiff failed to substantiate and associate the additional expenses, it did not abuse its discretion when it failed to award those expenses to plaintiff. See *Smith*, 481 Mich at 528–529.

## II. TRIAL JUDGE REASSIGNMENT

Plaintiff contends that her case should be reassigned to a different trial judge because the current trial judge has made it clear that she has no intent of awarding the fees to which plaintiff is entitled. We disagree.

To preserve a judicial disqualification issue, the moving party must first raise the issue by motion before the challenged judge and if denied, "refer the motion to the chief judge, who shall decide the motion de novo." MCR 2.003(B) and MCR 2.003(D)(3)(a)(*i*). Plaintiff did not file a motion before the challenged judge. Therefore, the issue is unpreserved. See *id*.

Generally, we review judicial recusal, as a question of law, de novo. *Okrie v State of Michigan*, 306 Mich App 445, 469; 857 NW2d 254 (2014). However, because plaintiff's claim is unpreserved, we review for plain error affecting substantial rights. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

Plaintiff has waived this issue by failing to file a motion at the lower court. See *Law Offices of Lawrence J Stockler, PC v Rose*, 174 Mich App 14, 23; 436 NW2d 70 (1989) (issue of disqualification is waived where party fails to comply with MCR 2.003).

"The general concern when deciding whether to remand to a different trial judge is whether the appearance of justice will be better served if another judge presides over the case." *Sparks v Sparks*, 440 Mich 141, 163; 485 NW2d 893 (1992). This Court "may remand to a different judge if the original judge would have difficulty in putting aside previously expressed views or findings, if reassignment is advisable to preserve the appearance of justice, and if reassignment will not entail excessive waste or duplication." *Bayati v Bayati*, 264 Mich App 595, 602-603; 691 NW2d 812 (2004). "[A] party challenging the impartiality of a judge "must overcome a heavy presumption of judicial impartiality." *Van Buren Twp v Garter Belt, Inc*, 258 Mich App 594, 598; 673 NW2d 111 (2003). "In general, the challenger must prove a judge harbors actual bias or prejudice for or against a party or attorney that is both personal and extrajudicial." *Id*.

There is no evidence of past comments or expressed views to suggest that the trial judge would be unable to fairly adjudicate plaintiff's case if this case were remanded to the same trial court. The trial court's motives appear to be genuine and nonprejudicial. The trial court even delayed its original ruling, attempting to fashion a solution that made sense for both parties. Specifically, the trial court stated:

> I was frustrated because I was trying to operate in the real world and get everybody moving forward. I want to give this one a little bit of thought. . . . I just want to spend a little time thinking about it, what's the equitable thing to do. It's going to be a ruling of equity, I'm sure . . . after I take a look at things[.]

Additionally, our decision gives the trial court very clear direction as to which invoice entries are recoverable; therefore, there is no reason to believe plaintiff will experience any prejudice, regardless of which judge presides over the remand. Plaintiff has failed to overcome the burden to show that the trial judge harbors actual bias or prejudice for or against any party.

To the extent that plaintiff argues that the trial court's repeated erroneous rulings, including the trial court's misapplication of *Pirgu*, as evidenced by this Court's prior two remands, justify reassignment, she is mistaken. "[R]epeated rulings against a litigant, no matter how erroneous, and how vigorously and consistently expressed, are not disqualifying." *Wayne Co Prosecutor v Parole Bd*, 210 Mich App 148, 155; 532 NW2d 899 (1995). Lastly, this trial judge has heard the case from the very beginning of its pendency. Reassignment at this stage of a very long divorce proceeding would certainly entail excessive waste or duplication. See *Bayati*, 264 Mich App at 602-603. Because plaintiff is unable to demonstrate that plain error occurred, she is also unable to show that she was prejudiced. See *Carines*, 460 Mich at 763.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens